Simeon Watts, Plaintiff in Error, *v.* Sidney Parker, Defendant in Error.

### ERROR TO BROWN.

The covenant that the grantor is seized of an estate in fee simple, is satisfied, if he has a seizin in fact, by having entered into possession, claiming a fee simple in the land. Breese, J.

An entry into possession, under a paper title, claiming the fee, and the peaceable possession for more than twenty-six years, make a seizin in fee simple. Breese, J.

Possession and payment of taxes for seven years under claim and color of title, will satisfy the covenant of seizin in fee simple. Breese, J.

A deed purporting to claim land must be under seal. Breese, J.

A party may show possession and payment of taxes under claim and color of title; although his chain of title may show a deed not under seal. Breese, J.

On 17th October, 1861, Parker sued Watts in assumpsit, in the Brown Circuit Court. The declaration is upon a promissory note for $650, dated Mount Sterling, June 1st, 1860, due fifteen months after date, payable to Sidney Parker, with six per cent. interest from September 1, 1860, and ten per cent. after maturity if not paid when due. The declaration is in the usual form, with two special counts and the money counts.

Defendant below, Watts, filed the general issue, to which the similiter was added.

At same term, Watts also filed his other plea, which is set forth in the opinion of the Court, together with the issue formed upon it.

At November term, 1861, of said court, before Higbee, Judge, this cause came on for trial before said judge and a jury,

who found for plaintiff Parker, and assessed his damages at $701.18, damages. Watts entered a motion for a new trial, which was overruled, and judgment rendered on the verdict, for said damages and costs of suit.

The bill of exceptions recites, that the plaintiff, on the trial, read said note in evidence, and rested his case.

That defendant then read, in evidence, a patent, in due form, conveying by the United States to Alexander Curry, lot 51, in old plat of Mt. Sterling, Brown county, Illinois, dated 10th of October, 1833. Also, a deed from Sidney Parker, plaintiff, and his wife, to Simeon Watts, defendant, conveying the part of lot 51, aforesaid, heretofore described, and also all that portion of the building known as the Parker House, which is comprised in the second and third stories of said brick building; containing a covenant that grantors were well seized of said premises as of a good, sure, perfect, absolute and indefeasible estate of inheritance in law in fee simple, and have lawful authority to grant, bargain, sell and convey the same in manner and form aforesaid, with other covenants. Which was read without objection; and defendant rested his case.

Plaintiff then read in evidence a deed for said lot 51, from Alexander Curry to Robert McCormick, dated 1st November, 1834; also, what purported to be a deed from Robert McCormick and wife to James Harper, dated 7th November, 1835, for said lot 51. Said paper was acknowledged as a deed, but had *no seals* affixed to signatures. Watts excepted at the time to the introduction of said paper, purporting to be a deed.

Plaintiff then read in evidence a deed for said lot from James Harper to George Harper, dated 22nd February, 1836; also, a deed for said lot from George Harper to William Reed, dated 17th February, 1840.

The plaintiff then introduced a record of the Brown Circuit Court, showing a sale and deed for said lot, by the administrator of William Reed, to George M. Pickett.

Plaintiff then read in evidence a deed for said lot 51, from said Moses and Hobbs, as administrators of William Reed, to George M. Pickett, dated 19th December, 1845.

Plaintiff then read a deed from George M. Pickett to Sidney Parker for said lot, dated 18th September, 1846.

Plaintiff then called *Robert N. Curry*, who testified, that about the year 1836 George Harper built a house on lot 51, and occupied it until about 1840, since which time the lot has been occupied nearly all the time and in possession by somebody; that after said Harper left said premises, William Reed occupied and held possession of the premises until his death,

after which, Anthony L. Hobbs occupied and held possession for two or three years; after Hobbs left, George M. Pickett occupied and held possession of said premises until about 1849; that from and since 1849 Sidney Parker has had possession of said lot.

It was also proved by Robert N. Curry, that Robert McCormick died less than a year ago; that Curry was his administrator; that he never found any claim among McCormick's papers for said lot, nor heard of his claiming it after said deed.

It was proved that Watts took possession of said premises about the 1st September, 1860, and continued in possession up to time of bringing suit.

Plaintiff proved payment of taxes on said lot 51 from 1849 to 1859, both inclusive.

This was all the evidence in the case given on the trial by either party.

Defendant Watts asked the court to instruct the jury that a seizin in fee simple is a seizin of a perfect paramount title, and unless plaintiff has proved such a title in himself on June 1st, 1860, they will find for defendant, and that twenty years' possession or seven years' payment of taxes does not create a seizin in fee. The court refused to give this instruction, to which Watts excepted.

The jury found the issues for plaintiff Parker, and assessed his damages at $701.18.

Errors assigned:

In admitting pretended deed from McCormick to Harpers, when said deed had no seal and was void.

In permitting to be read the record in the case of Hobbs against Reed and others.

In permitting to be read in evidence the deed from Hobbs and Moses to George M. Pickett.

In refusing to give the instructions asked.

In refusing to grant a new trial, and rendering judgment.

Grimshaw & Williams, and E. L. Gross, for Plaintiff in Error.

J. S. Irwin, for Defendant in Error.

Breese, J. The question is not presented by this record, whether a maker of a note as part payment of the consideration money for land conveyed by deed to him, with covenant of warranty, and he put in possession, can plead, as a defense to the note, before an eviction, a failure of consideration,

either total or partial, on the ground of want of title. The case assumes no such aspect. There was no demurrer to the pleas, but an issue in fact was made up on the plaintiff's first replication to the defendant's second plea, which is as follows:

" That the note in controversy was given as part of the consideration of part of lot 51, in the old plat of Mount Sterling, in Brown county, Illinois, described in the plea by metes and bounds; also all that portion of the building known as the Parker House, which is comprised in second and third stories of said brick building, and also the hotel furniture in said Parker House, consisting of beds, bedding, etc., then owned by plaintiff and sold to defendant. That the sale of real and personal property was made at one time, as one sale, on 1st June, 1860. That the consideration for such sale was $4,500— $3,200 paid at time of sale; and for the remainder, defendant gave his two promissory notes, one of which is the note sued on; the other falls due first of September, 1862."

Plea further states, that at time of sale, on 1st June, 1860, plaintiff delivered to defendant his deed of conveyance, purporting to convey said real estate to defendant, with covenants in said deed that plaintiff was well seized as of a good, perfect, absolute and indefeasible estate of inheritance, in fee simple. Plea alleges that plaintiff was not, at time of execution and delivery of deed, or at any time since, well seized, etc., (negativing the language of the covenant,) but on the contrary, from the making of the deed and at all times, the title was in other and different persons. That of said sum of $4,500, the sum of $3,500 was agreed upon between said parties as the value of said real estate, and that consideration was expressed in said deed; and the consideration of said note has wholly failed.

To this plea the plaintiff replies: " that he was seized at the date of said conveyance of an estate of fee simple in and to said lands mentioned in said deed," with a conclusion to the country.

This replication admits that the note was executed for this lot, hotel and furniture, and narrows the issue down to the simple fact of seizin under a title in fee simple, an issue much more restricted than the one tendered by the plea. It was not urged that the issue thus restricted was an immaterial one, or any point of law raised upon it, but the issue to the country was accepted, and the parties went to trial.

The defendant asked the court to instruct the jury, and it was the only instruction asked, " that a seizin in fee simple is a seizin of a perfect paramount title, and unless plaintiff has proved such a title in himself on June 1st, 1860, they will

find for defendant, and that twenty years' possession or seven years' payment of taxes does not create a seizin in fee." The propriety of this instruction is, really, the only question before this court.

The issue was not, as the defendant seems to suppose, on a title absolute and indefeasible, but whether the plaintiff had such a title as he had set out in his first replication, that is, that he was seized at the date of the conveyance of an estate in fee simple to the lot described in the plea. To constitute such a seizin, is it requisite it should be by a perfect paramount title, as the defendant desired the court to say to the jury?

We do not think so. The issue was not, that the plaintiff was seized of an absolute, indefeasible title to the lot, but that he was seized in fee simple only. To maintain this issue, we hold, it was only necessary for the plaintiff to show a seizin in fact by having entered into possession, claiming a fee simple in the lot. We have looked into the books on this question, and find some contrariety of opinion in the courts of the several States. We are inclined to think the doctrine held by the Supreme Court of Massachusetts to be quite as applicable to our condition, and to the exigencies of our State, as any other, and are inclined to adopt it as sound doctrine. That court held, in the case of *Marston* v. *Hobbs*, 2 Mass. 439, which was an action of covenant broken, brought on a deed containing this covenant, "that at the time of the execution of the deed the defendant was lawfully seized in fee of the premises," that it was not necessary to show a seizin under an indefeasible title. A seizin in fact was sufficient, whether he gained it by his own disseizin, or whether he was in under a disseizor. If, at the time he executed the deed, he had the exclusive possession of the premises, claiming them in fee simple by a title adverse to the owner, he was seized in fee and had a right to convey. The same doctrine is held by the Supreme Court of Ohio. It is there held, that a seizin in fact of the grantor, at the time the deed was executed, was a sufficient compliance with the covenant of seizin in the deed. If the grantor is in the exclusive possession of the land at the time of the conveyance, claiming a fee adverse to the owner, although he was in by his own disseizin, his covenant of seizin is not broken, until the purchaser, or those claiming under him, are evicted by title paramount. He has a seizin in deed, as contradistinguished from a seizin in law, sufficient to protect him from liability under his covenant, so long as those claiming under him continue so seized. *Adm'rs of Backus* v. *McCoy*, 3 Ohio, 220.

An actual, open and notorious adverse possession of land, in defiance of the whole world, may ripen into a perfect title in the disseizor, and when it has reached that state, it becomes an absolute and indefeasible title.    Such was, in fact, the title exhibited by the plaintiff in this action.    An entry into possession under a paper title—claiming the fee, and an undisturbed possession, by the several parties under whom the plaintiff claimed, for more than twenty-six years—the peaceable possession by the defendant, with no adverse claim asserted, make up, in our judgment, such a seizin in fee simple as maintains the issue, and warranted the court in refusing the instruction.

Something was said, about the ability to defeat the title shown by the plaintiff, by the fact that one of the heirs at law of Reed, through whom the title passed on its way to the plaintiff, and who is a married woman, can, when her disability is removed, or even now, recover the property.    A perfect answer to this, is found in the fact, that she would have to make out her title through a paper void as a deed, it having no seal, and unable to give any proof of possession under claim of title.

As a part of this possession of more than a quarter of a century, the plaintiff showed abundant color of title, and payment of taxes under it, for more than seven successive years, and actual possession under it for that time, which, under the authority of the case of *Hinchman* v. *Whetstone*, 23 Ill. 185, is quite sufficient to satisfy the covenant of seizin in fee simple. This covenant is nothing more than an assurance to the purchaser that the grantor has the very estate in quantity and quality, which he purports to convey.    A fee simple estate was conveyed by the deed to the defendant.    He is in the peaceable possession, and no person claiming adversely to him. Justice requires that he should pay the purchase money.    The judgment is affirmed.

*Judgment affirmed.*

CATON, C. J.    I think the instruction was properly refused.

WALKER, J.    I concur in the conclusion in this case, but not in all of the reasoning of the opinion.    I am not prepared to hold, that a naked possession, although open, notorious and against the whole world, claiming the fee, is in fact a seizin in fee simple.