ANNE McKEAN KERR *et al.*

*v.*

WILLIAM SWALLOW.

1. PLEADING — *appearance of all the defendants.* In an action commenced by attachment against three defendants, upon whom there was no personal service, the plea of the general issue was filed, which, after giving the title of the cause, proceeded thus: "And the said defendants come and defend the wrong," &c. *Held,* as there was nothing in the previous proceedings by which the word "defendants" could be limited to a less number than all of them, the plea must be regarded as that of all of them.

2. VARIANCE — *in names.* In the title of a cause upon a judgment record, the christian name, "Anne," of one of the defendants, was written "Anna," but the judgment was rendered against the defendants in the suit. · *Held,* the variance was not material.

3. JUDGMENT *in personam* — *in case of constructive service, upon appearance by plea.* In an action commenced by attachment, where there has been constructive service only, by publication, if the defendants appear and plead to the action, the suit thereby becomes one *in personam,* and a judgment *in personam* may be rendered against the defendants.

4. SPECIAL EXECUTION — *when it may be issued.* In such case the appearance of the defendants does not operate to release the property attached, and a special execution may properly issue, although a general execution only was awarded.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

William Swallow commenced his action of assumpsit in the court below, against Anne McKean Kerr, John M. Kerr, and Mary Hoffman, by a writ of attachment, which was levied upon real estate. Notice was given the defendants by publication, but there was no personal service of process.

A plea was filed in the cause, as follows, after giving the title of the cause: "And the said defendants come and defend the wrong and injury, when, &c.; they say they did not undertake and promise as the said plaintiff, in his declaration, hath alleged, and of this they put themselves upon the country, &c."

· The court adjudged the plea insufficient, and ordered a repleader instanter, in default of which a judgment was entered against the defendants, as follows:

---

Kerr et al. *v*. Swallow.

---

WILLIAM SWALLOW, plaintiff,

*v.*

MARY HOFFMAN, JOHN M. KERR, and ANNA McKEAN KERR, defendants.

Attachment.

---

The judgment is then entered against the "defendants" for the amount found due, and it was awarded that the plaintiff "have execution therefor."

Afterwards, a *special* execution was issued upon this judgment, and property levied on and sold.

The defendants bring the cause into this court by writ of error, and object, *First*, that there is a variance in the name of one of the defendants below, *Anne* McKean Kerr, as given in the proceedings prior to the judgment, and in the judgment itself. *Second*, that the judgment was *in personam*, and awarded execution generally.

Mr. JAMES C. CONKLING, for plaintiffs in error.

Mr. S. M. CULLOM, for defendant in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This was a suit by attachment against Anne McKean Kerr and others. The declaration was in assumpsit, and the names of the parties therein are identical with those in the writ. The plea was the general issue, in the usual form. It gives the title of the cause, and then says: "And the said defendants come and defend the wrong, &c." There is nothing in the previous proceedings by which the word "defendants" can be limited to a less number than all of them, and the plea must be held to be that of all the defendants. In the title of the cause upon the judgment record, the name Anne is spelled Anna, but the judgment was rendered against the defendants in the suit. The variance was not material. After appearance and plea the suit was one *in personam*, and the judgment against the defendants *in personam* was properly rendered. As the property attached was not released by the defendants' appearance, a special execu-

tion might properly issue. There is no error in the record, and the judgment is affirmed.

*Judgment affirmed.*