# DAVID NICHOLS

## *v.*

# WILLIAM MERCER.

1. TRIAL — *instructions — must be based on the evidence.* M. sold to N. eighteen hogs, and, while driving them to the town of Arlington, three of them died from heat, and, upon N.'s refusal to pay for the dead hogs, M. brought suit to recover; and, the question being, whether by the contract of sale the hogs were to be driven at the risk of M. or of N., — *held,* that the court properly refused an instruction based upon the theory that plaintiff contracted to deliver them at a place other than at Arlington, and directing the jury, that, if such was the fact, and plaintiff could by reasonable care have made the delivery at such other place, and failed to do so, defendant was not liable; there being evidence tending to show, that, whatever may have been the original contract as to the place of delivery, it was subsequently agreed that the delivery should be at Arlington.

2. CONSTRUCTION OF CONTRACTS. In giving a construction to a contract, the question is, What was the bargain, by a fair and reasonable construction of the words and acts of the parties, and not what was the secret intent or understanding of either of them.

3. SAME — *instructions — containing slight inaccuracies — not erroneous.* An instruction, containing verbal inaccuracies, such as the use of the word

"plaintiff," in one instance, when the word "defendant" was intended, and the omission of the word "if" in another place, are not errors calculated to mislead a jury.

APPEAL from the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. ECKELS & KYLE, for the appellant.

Mr. J. I. TAYLOR, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Mercer sold Nichols eighteen fat hogs in the month of June, and three of them died from the heat while being driven from the farm of Mercer to the town of Arlington. The controversy in this case is, whether, by the terms of the contract of sale, the hogs were to be driven at the risk of Nichols or of Mercer. The jury gave Mercer a verdict for the value of the three hogs, and Nichols appealed.

It is urged that the fifth and eighth instructions asked by the defendant were improperly refused. The fifth instruction is based upon the theory that the plaintiff contracted to deliver the hogs at the house of one Norris, instead of Arlington, and it tells the jury, if such was the contract, and if the plaintiff could by reasonable care have delivered them at Norris's house, and failed to do so, he cannot recover. This instruction was properly refused, because there was evidence showing, or tending to show, that, whatever may have been the original contract as to the place of delivery, it was afterward agreed that the hogs should be delivered at Arlington. This instruction could not properly have been given without a modification having reference to this evidence.

It is also urged that there was error in refusing the sixth instruction, which was as follows:

"If the jury believe from the evidence, that, at the time of the making of the contract by the plaintiff and the defendant's

agent, the plaintiff understood that, by the terms of the contract, the defendant was to take the risk of moving said hogs, and that the defendant's agent understood that the defendant was not to take such risk, and that there was such misunderstanding, then, on that point there was no contract, and the defendant would not be bound to bear such loss."

We think this instruction might have easily misled the jury, and was, therefore, properly refused. The proper object of inquiry on the part of the jury was, not so much the manner in which the purchaser of the hogs may have understood the contract in his own mind, but rather what was the language used in making the purchase, and whether the plaintiff had the right to consider, from that language, that he was selling at the defendant's risk, and to act upon that belief. The question was, what was the bargain, by a fair and reasonable construction of the words and acts of the parties, and not what was the secret intent or understanding of either of them. Although the instruction may express a correct legal proposition as it would be construed by lawyers, yet it is an instruction which a court may properly refuse, because liable to be misunderstood by a jury, and to lead them astray. They had already been told that the liability of the defendant depended upon whether, by the terms of the contract, the hogs were to be driven at his risk, and this instruction the jury would understand.

As to the instructions for the plaintiff, it is only necessary to say, that, while there are in them some verbal inaccuracies, such as the use of the word "plaintiff" in one instance where the word "defendant" was intended, and the omission of the word "if" in another place, yet these errors are not of a character which could have misled the jury or have worked injury to the defendant.

We think the case was fairly left to the jury by the court, and the evidence is so conflicting that the interference of the court, on the ground that the verdict is against the evidence would be clearly improper.

*Judgment affirmed.*