# HENRY KRUSE

## v.

# JOHN WILSON.

1. AFFIDAVIT *for attachment—jurat not signed.* In an attachment pro-ceeding the affidavit praying for the writ, was, in all respects, good and formal, and signed by the affiant, and a proper *jurat* written thereunder, but not signed by the officer. The attachment writ, issued on the same day the affidavit was filed, recited that the affiant named in the affidavit had complained on oath to the clerk issuing the writ, etc., and the affiant testified that he did, in fact, swear to the affidavit on the day it was filed: *Held,* that the affidavit was sufficient to authorize the issuing of the attach-ment, and could not be assailed by the defendant therein in an action of ejectment brought by him to recover the land sold under the attachment proceeding.

2. JURISDICTION—*when causes are transferred by statute from one court to another.* Where an action is pending in a court, which by statute has jurisdiction, and before final judgment the statute conferring such juris-diction is repealed, and all causes pending in such court are, by the re-pealing statute, transferred to another court, such other court has jurisdiction of the cause to render final judgment.

3. SAME—*in attachment proceedings.* The objection to the record of an attachment proceeding, under which land was sold, that it does not appear that the sheriff attached the property of the defendant, goes only to the regularity of the proceedings under the writ, and does not pertain to the jurisdiction of the court. The affidavit confers jurisdiction. It starts the judicial power in motion, and that is jurisdiction.

4. DESCRIPTION *in deed.* Where there are two descriptions of the property in a deed, the one, as it were, superadded to the other, and one description being complete and sufficient of itself, and the other which is subordinate and superadded is incorrect, the incorrect description, or feature, or circumstance, of the description is rejected as surplusage, and the complete and correct description is allowed to stand alone.

5. When one of the calls in the description of land in a deed was "thence northwesterly along Moss street," etc., which, taken in connection with the other calls, was senseless and unmeaning, but which, by the omission of the word "northwesterly," and adapting the line to Moss street, answered the call, and made a complete description, it was *held,* that the word "northwesterly" should be rejected as surplusage.

6. DEED—*when it relates back.* When necessary for the advancement of right, and furtherance of justice, and where the rights of third parties

are not to be injuriously affected, a deed will have relation to and take effect from the time the grantee was entitled to receive it.

7. Where a sheriff executed a deed to the holder of a certificate of sale under an attachment, at the proper time, but omitted to affix a seal or scrawl thereto, and afterwards, when the omission was discovered, the successor of the sheriff executed another deed, in proper form, it was held that this subsequent deed should relate back to the date of the first one, that being the time when the grantee was entitled to receive a perfect deed.

8. COLOR OF TITLE—*what evidence required to show.* The instrument relied upon as color of title must purport, on its face, to convey title to the holder. Not that the title should purport, when traced back to its source, to be an apparent legal title, but that the instrument under which claim is made must itself profess to convey a title to the grantee.

9. A sheriff's deed without a seal, but otherwise formal, is an instrument in writing purporting to convey title, and constitutes color of title within the requirements of the statute.

10. PAYMENT OF TAXES—*under a contract to purchase from the holder of color of title, is payment under that title.* Where the holder of color of title held possession and paid taxes on the land for four years, and then gave a contract to sell the land to another, who went into possession and paid taxes for five years more, the payment of the last five years' taxes was a payment under the title of the holder of the color of title, and enured to establish the bar.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Messrs. HOPKINS & MUNSON, for the appellant.

Messrs. McCULLOCH, STEVENS & WILSON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *ejectment,* in the Peoria circuit court, by John Wilson, plaintiff, and against Henry Kruse, defendant, to recover the possession of certain premises, described in the declaration by metes and bounds, being part of the north-west quarter of section 8, in township 8 north, of range 8 east of the fourth principal meridian. The tract claimed by the plaintiff was about five acres, and he deraigned the title from the patentee of the quarter section, one James Marden.

The cause was tried by the court without a jury, on the general issue, resulting in a finding and judgment for the plaintiff, to reverse which defendant appeals.

The defendant placed his defense upon two grounds: *First.* An outstanding paramount title in Thomas S. Dobbins, by purchase, sale and deed, under an execution in an attachment proceeding levied on this land, and against the plaintiff, Wilson. *Second.* By holding claim and color of title, made in good faith, with payment of all taxes assessed against the land for seven successive years, under this claim and color, and actual possession of the premises for seven years.

To sustain the first ground of claim, defendant relied on certain proceedings in attachment, and a levy of the same upon the premises, and a regular judgment and execution thereon, and a levy of the same, and sale thereunder, with the usual certificate of sale and the sheriff's deed.

These proceedings are attacked *in limine* by the plaintiff, he insisting they were void, and no title could be derived under them. He insists, as the affidavit is the foundation of the proceeding, if no affidavit was filed, all the subsequent proceedings are void; that it is a jurisdictional fact, and if there was no affidavit there was no jurisdiction to entertain the proceeding.

The basis of defendant's title being proceedings in attachment, appellee insists they must be in compliance with the statute, and as the affidavit is the foundation and commencement of the suit, without which the court had no jurisdiction to issue the writ, if that is radically defective, and shows upon its face that it was a nullity, all subsequent proceedings are void.

What purports to be the affidavit is in the usual form of an affidavit against a non-resident debtor, and is unexceptionable in all its statements, and concludes with a prayer that a writ of attachment may issue against said Wilson, and be levied on his lands and tenements, in accordance with the

statute in such case made and provided, and is signed Wm. A. Hemon, and where the *jurat* should be is the following: "Subscribed and sworn to before me, this 30th day of January, A. D. 1861."

This affidavit was filed in the clerk's office. The writ of attachment was issued the same day, in the form prescribed by the statute, in which is this recital: Whereas, William A. Hemon, of the county of Peoria, and State of Illinois, has complained, on oath, to Charles Kettele, clerk of the county court, etc.

On objection made in the circuit court, on the trial of this ejectment, that the affidavit was not sworn to, and was therefore void, William A. Hemon was sworn, and he testified he signed the affidavit, and swore to it at the time, in the clerk's office, before the deputy clerk. He was there to commence a suit in attachment, and swore to the affidavit for that purpose; he signed it there at the counter, at the same time that he swore to it; his recollection is very distinct that he swore to it. On his cross-examination he said he made two affidavits for attachments in the county court; does not remember before whom he swore to the other one; this case he took to Kettele, and got out the papers.

But independent of this testimony, what are the presumptions that this affidavit was sworn to? It was filed in the clerk's office, and the clerk recites in the writ of attachment that William A. Hemon had complained, on oath, to Charles Kettele, clerk, etc.

The statute says, if any creditor, or his agent or attorney, shall file an affidavit in the office of the clerk, etc., setting forth, etc., it shall be lawful for such clerk to issue a writ of attachment, directed to the sheriff, etc.

That such an affidavit was filed, the file mark on this shows, and that the complaint was on the oath of the party praying the writ, we have the recital of the fact in the writ. It is not to be presumed the clerk has made a false statement in

the writ, or that he would have issued the writ without the oath.

Had the affidavit been attacked on the ground here assumed, in the county court, it could have been amended there under sec. 8 of the statute. This section is very broad and comprehensive. If amendable there, as it clearly was. it can not be alleged of it that it was void. What is amendable is not void. It was held by this court, in *Campbell* v. *Whetstone*, 3 Scam. 361, amendments should be allowed, however defective the affidavit may be, and although it was sworn to before an improper officer, and it would be error to refuse it.

But this affidavit needs no amendment. All the facts and circumstances attending it show, conclusively, it was sworn to at the time it was signed,

Several cases are referred to, where in the attachment proceeding the question arose upon a like objection. One, *English* v. *Wall*, 12 Rob. Law, 132, where it was held, when an affidavit for attachment had written upon it by the judge the words "subscribed and sworn to before me," the signature of the judge being omitted, but below the judge signed an order that the writ issue, that these facts showed, by strong implication, that the affidavit was sworn to before him.

The clerk who issued the writ in question is quite as clearly connected with the oath of the attaching creditor as the judge. for he states complaint was made to him on oath.

In *Cook* v. *Jenkins et al.* 30 Iowa, 452, when this question was raised in a collateral proceeding, as here. the court held that the attachment proceedings could not be attacked on the ground that the *jurat* to the affidavit was not signed by the officer administering the oath, if it be shown that in fact the oath was administered by him. This court, in *Booth et al.* v. *Rees*, 26 Ill. 45, held that a defective affidavit in attachment is not void, and could only be attacked in a direct proceeding.

If an oath was administered, and by the proper officer, as it assuredly was, the law was satisfied, and the mere omission

of the clerk to put his name to an act which was done through him as the instrument, should not prejudice an innocent party, who has done all he was required to do. The clerk's omission to write his name, where it should have been written, was not the fault or neglect of the affiant. He signed and swore to the affidavit. The clerk filed it, and issued the writ, reciting therein that the plaintiff therein had made oath before him, and it is the oath required by the statute.

We hold this affidavit, so made and filed, can not be assailed.

Another objection is made, and claimed to go to the jurisdiction of the court, and that is, it does not appear the sheriff attached the property of John Wilson. This objection goes more to the regularity of the proceedings under the writ, and pertains not to the jurisdiction. The affidavit confers jurisdiction; that starts the judicial power in motion, and that is jurisdiction.

A point is made by appellee as to the jurisdiction of the circuit court in which the judgment was rendered, and from which the execution issued. We do not think there is anything in this point. The case originated in the county court, where by law it had concurrent jurisdiction with the circuit court in actions of this nature. While the action was pending in that court, the statute conferring this jurisdiction was repealed, and all causes pending were transferred by statute to the circuit court.

Other objections go to the regularity of the proceedings, which are of no importance in a collateral action, the court having jurisdiction. If the form of the judgment was wrong as to the kind of execution to be awarded, it would appear the judgment was that an execution issue. Now, the statute defines what kind of an execution shall issue, and that is a special execution against the property attached, which was the kind of execution which was issued. It was held, in *Kerr et al.* v. *Swallow*, 33 Ill. 379, that a special

execution might issue, although a general execution was awarded.

The objection of most importance is to the deed executed by the sheriff to the holder of the certificate of sale, Thomas S. Dobbins. The objection is of two kinds—first, to the description of the property contained in the deed.

It is very evident the term "northwesterly" has no business there, for a line running in that direction would enclose nothing. Rejecting that word, and the boundary is all right; "thence along Moss street five chains," makes, with the other lines described, the tract in question. In *Myers et al.* v. *Ladd et al.* 26 Ill. 415, it was said the rule is, where there are two descriptions in a deed, the one, as it were, superadded to the other, and one description being complete and sufficient of itself, and the other, which is subordinate and superadded, is incorrect, the incorrect description, or feature, or circumstance of the description is rejected as surplusage, and the complete and correct description is allowed to stand alone.

Taken in connection with the other points and lines of the survey, the description "thence northwesterly along Moss street five chains," is senseless and unmeaning. Moss street, where the west line of this survey strikes it, runs north-east. By rejecting the word "northwesterly," the line is adapted to Moss street, and answers the call.

The other objection, that the deed has no seal, is met by the fact that on the discovery of the omission, the successor of the sheriff who neglected to put a scrawl to the deed, in 1872, and in whose office was the certificate of sale, made a perfect deed to Dobbins, the grantee in the defective deed. This deed, on every principle of right and justice, should have relation back to the time of the execution of the defective deed. The sheriff could have been compelled to make a sufficient deed. *Maxcy* v. *Clabaugh*, 1 Gilm. 26.

This doctrine of relation ought to apply in such case, for the purchaser was entitled to a good and sufficient deed when

the time of redemption expired. that is, when the first deed was made. As bearing on this point, *Ferguson* v. *Miles*, 3 Gilm. 358, may be cited, were it was said, the law is well settled, that for the advancement of a right and the futherance of justice, and where the rights of third parties are not to be injuriously affected, a deed will have relation to, and take effect from the time the grantee was entitled to receive it.

There was, then, an outstanding paramount title in Thomas S. Dobbins, and as the action of ejectment turns on the right of possession, the plaintiff necessarily failed in the action.

The other ground on which the defendant placed his defense, that is. possession and payment of taxes under a claim and color of title made in good faith, will be considered.

Defendant was in possession under a contract of purchase from Thomas S. Dobbins, claiming to hold the legal title by a sheriff's deed. This deed, although it had no seal, was an instrument in writing purporting to convey title, and meets the requirements of the statute, as construed by this court in several cases.

In *Bride* v. *Watt et al.* 23 Ill. 507, it was said, at page 511, the instrument relied upon as color, must purport, on its face, to convey title. The deed, or other instrument relied upon, must, apparently, transfer title to the holder. Not that the title should purport, when traced back to its source, to be an apparently legal title, but the instrument under which the occupant holds, and upon which he relies, must itself profess to convey a title to the grantee.

In *Watts* v. *Parker*, 27 Ill. 224, this court held color of title could be established through a paper writing purporting to convey the land, having the formalities of a deed, except the seal.

It may be asked, where the necessity of this limitation act of 1839, if a party claiming color of title must produce a deed in all respects formal? In such case, there would be no pretense of mere color; there is the reality. It was

designed, by this legislation, to protect titles really invalid, where there was claim and color made in good faith, payment of taxes for seven successive years, and actual possession taken. The statute declares he shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title, and this court has always held such paper title must be, not a good and valid deed, but an instrument in writing purporting to convey the title, apparently conveying the title to the holder.

That the taxes paid exceeded seven years in succession, and possession had at the same time, and although the taxes from 1862 to 1866 were paid by Dobbins, the holder of the sheriff's deed, and grantee therein, and from 1866, in which year appellant went into possession under a contract with Dobbins to purchase, the payment of taxes by appellant from 1866 to 1871, was a payment under Dobbins' title, and enures to the establishing the bar. The reports are full of this doctrine. *Rand* v. *Scofield*, 43 Ill. 167; *Elston et al.* v. *Kennicott*, 46 ib. 187; culminating in *Hale* v. *Gladfelder et al.* 52 ib. 91.

Something has been said, in regard to the execution of the second deed by the sheriff, after the lapse of ten years, about the case of *Rucker* v. *Dooley*, 49 Ill. 377, the deed having been made after the time therein prescribed, and without an order of court. We can not think this case bears any resemblance to that case. There, no deed had ever been made by the sheriff, and, after the lapse of more than twenty years, other rights in the meantime having intervened, a deed was made to the prejudice of intervening claimants, and to the party in actual possession under them, by *bona fide* purchase. There is nothing of this kind here.

From the showing in this record, the verdict and judgment should have been for the defendant.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*