The North Chicago Street Railroad Company

*v.*

Mary Leonard.

*Filed at Ottawa May 11, 1897—Rehearing denied October 12, 1897.*

1. Affidavit—*date named in notary's jurat to affidavit is presumed to be correct.* The *jurat* of a notary public attached to an affidavit verifying a petition for a change of venue is the evidence required by law that the affidavit was made on the date mentioned therein, and such date must be taken as correct, in the absence of any showing of mistake.

2. Change of Venue—*notary's jurat controls as to when petition was sworn to.* A notary's *jurat*, reciting that a petition for change of venue was subscribed and sworn to on a certain date, will control a statement in the petition that knowledge of the prejudice relied upon came to the petitioner at a later date, where there is no other date or circumstance mentioned in the petition from which that fact can be determined. (Phillips, C. J., dissenting.)

3. Trial—*exceptions can only be taken to some ruling or action by the court.* Exceptions can properly be taken only to some ruling or decision, or to some action or want of action, by the court, and are of no avail when taken to the conduct of attorneys during the course of trial.

*North Chicago Street R. R. Co.* v. *Leonard*, 67 Ill. App. 603, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Philip Stein, Judge, presiding.

Egbert Jamieson, and John A. Rose, for appellant.

Edgar Terhune, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

Appellee recovered a judgment in the Superior Court of Cook county, against appellant, for a personal injury, and the Appellate Court affirmed the judgment. Appellant asks a reversal because the Superior Court denied

its motion for a change of venue, and on account of improper argument to the jury by counsel for appellee.

Before the commencement of the trial, on February 3, 1896, the defendant presented its petition for a change of venue from the presiding judge before whom the cause was about to be tried, on account of his alleged prejudice against it, but the motion was denied and the judge proceeded with the trial. Where such a motion is made when the case is called for trial, with the attendant delay and inconvenience in case it is granted, the petitioner should be held to a strict compliance with the statute. The petition stated that knowledge of the alleged prejudice did not come to the petitioner until February 3, 1896, but the affidavit by which it was verified appeared from the *jurat* to have been subscribed and sworn to before a notary public January 3, 1896. If the certificate of the notary was true the date in the petition was wrong, and the petition had been made and sworn to a month prior to its presentation. If it was so made and sworn to as appeared from the certificate, the motion was properly denied for delay in making it and for a failure to give notice of the motion to the plaintiff. It is insisted that the error was in the *jurat*, and that the court should have so regarded it and treated the affidavit as sworn to February 3, 1896, and, the petition being otherwise sufficient, should have granted the motion. A clerical error might as well exist in the petition as in the *jurat*, and there is no other date or circumstance mentioned in the petition from which the fact could be determined. The certificate of the notary was the evidence required by the law that the affidavit was subscribed and sworn to, and at the date therein mentioned. In the absence of any showing of a mistake in it, it must be taken to be correct. It would be absurd to say that an attorney writing a petition can not make a mistake in a date, but that all such mistakes are necessarily made by notaries. If the affidavit was in

fact sworn to February 3, 1896, and there was a mistake of the notary for which petitioner was not responsible, proof of such fact should have been presented to the court. If it was sworn to as now claimed, the petitioner had done all that was required of it, and a correction of the mistake in the officer's certificate would not affect the substance of the affidavit, and might have been made. (*Pierson* v. *Hendrix,* 88 Ill. 34; *Doty* v. *Colton,* 90 id. 453.) If such proof had been presented and the court had refused leave to correct the error, that question might have been reviewed; but there was no proof that there was a clerical error in the *jurat* or that the affidavit was sworn to at a date different from that named in it. There was no motion to amend the *jurat,* but only an offer to file a new petition, which could not be done. None of the cases cited by appellant sustain its contention in any degree. In *Doty* v. *Colton, supra,* the *jurat* was amended by the notary, by leave of court, according to the fact, and was thus made good. In *Kruse* v. *Wilson,* 79 Ill. 233, the sufficiency of an affidavit in attachment to give jurisdiction was raised in a collateral suit in ejectment. It was proved that the affidavit was sworn to before the officer who issued the writ, and who recited in the writ that it was sworn to. These were the facts and circumstances there alluded to.

On the other question, of improper argument to the jury, it appears from the record that during the argument there was a colloquy between the counsel as to the argument on behalf of plaintiff, and defendant's counsel said that he objected and in some cases he excepted to what was said, but no objection was addressed to the court nor was any action or ruling asked for or obtained. Exceptions can only be taken to some ruling or decision, or to action or want of action by the court, and cannot be taken to the conduct of attorneys. Instead of objection, controversy and retort between attorneys, the ob-

jection should be made to the court, who should see to it that they do not harangue the jury upon improper subjects.  It is the duty of the court to regulate the trial and the argument and conduct of attorneys, to preserve the dignity and decorum of the proceedings, to prevent wrangles between attorneys, and to compel obedience to rulings and decisions.  There being no action or want of action by the court which is excepted to, there is nothing on that subject to be reviewed. *Elgin, Joliet and Eastern Railroad Co.* v. *Fletcher*, 128 Ill. 619; *Holloway* v. *Johnson*, 129 id. 367; *Marder, Luse & Co.* v. *Leary*, 137 id. 319; *North Chicago Street Railway Co.* v. *Cotton*, 140 id. 486; *Scott* v. *People*, 141 id. 195; *Boone* v. *People*, 148 id. 440; *Pike* v. *City of Chicago*, 155 id. 656; *West Chicago Street Railroad Co.* v. *Sullivan*, 165 id. 302.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE PHILLIPS, dissenting:

I do not concur in this opinion.  A motion for a change of venue made February 3, 1896, petition filed, which stated the knowledge of the prejudice of the judge first came to the petitioner February 3, 1896, and an affidavit attached, the *jurat* to which states that it was subscribed and sworn to on January 3, 1896, on the face of the record and petition show there was a mere clerical error.  In *Doty* v. *Colton*, 90 Ill. 453, there was an omission to attach the seal of the notary to the *jurat*, and there was a mistake in the date, and this court held "the mistake in the date of the attestation was a mere clerical error apparent on the face of it."  In *Kruse* v. *Wilson*, 79 Ill. 233, in speaking of a case in which the officer had failed to sign his name to the *jurat*, this court says (p. 237): "But this affidavit needs no amendment.  All the facts and circumstances attending it show conclusively it was sworn to at the time it was signed.  *  *  *  If an oath was admin-

istered, and by the proper officer, as it assuredly was, the law was satisfied, and the mere omission of the clerk to put his name to an act which was done through him as the instrument, should not prejudice an innocent party who has done all he was required to do. The clerk's omission to write his name where it should have been written was not the fault or neglect of the affiant. He signed and swore to the affidavit, * * * and it is the oath required by the statute." The mistake of the notary was one so palpable as to correct itself. In the case of *McKenzie* v. *Remington*, 79 Ill. 388, in speaking of an instruction in which the word "plaintiff" was used instead of "defendant," the court says: "The mistake is so palpable that it corrects itself upon the reading." To the same effect is *Nichols* v. *Mercer*, 44 Ill. 250.

The record shows the presiding judge must have known it was a mere clerical mistake, and the counsel who presented the petition desired to substitute a corrected one. There could have been no misunderstanding of the facts. The petitioner had a right to a change of venue if it believed the judge was prejudiced against it. If courts are to be trusted by and have the confidence of suitors, they must give every statutory right to such parties. Where a party to a suit believes the presiding judge is prejudiced against him, and presents a petition for a change of venue, and on the most hair-splitting, technical grounds the judge denies the petition and retains jurisdiction of the case, and requires such party to enter on a trial before him believing he cannot have justice, such practice is not calculated to win the respect and confidence of that party to the suit, particularly where he was defeated, as he expected to be. Appellant believed there was error in the ruling here, and so do I. Hence I cannot concur.