## Harden Cox, Sheriff, v. Ferdinand Stern.

1. AFFIDAVIT—*Defective Statement of Venue Cured by Seal.*—The venue of an affidavit was, State of Illinois, County of Illinois, but by the notarial seal it appeared that the officer was a notary of Cook county. *Held*, that it was clear what was the venue and that the affidavit was sufficient.

2. SAME—*Jurat not Signed—Parol Evidence Admissible.*—Where an affidavit is signed, but no signature is attached to the certification of the officer before whom the affidavit is made, parol evidence is admissible to show that the affidavit was in fact sworn to.

Cox v. Stern.

Replevin, by a mortgagee against a sheriff.   Appeal from the Circuit Court of Morgan County; the Hon. Cyrus Eppler, Judge, presiding. Heard in this court at the November term, 1896.   Affirmed.   Opinion filed June 16, 1897.

Owen P. Thompson and John A. Bellatti, attorneys for appellant.

Edward P. Kirby and Williams, Linden, Dempsey & Gott, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court.

Replevin by mortgagee of chattels against sheriff holding under a levy of execution against mortgagor.

The question is whether an affidavit for extension of mortgage was valid and sufficient.

The affidavit, professing to be made by the mortgagors and by the attorney of the mortgagee was signed by all of these, and sworn to by the latter before a notary public of Cook county.

The venue of the affidavit was State of Illinois, County of Illinois, but by the notarial seal it appeared the officer was of Cook county.

We think it was thereby made clear enough what was the venue, but in addition proof was admitted that the affidavit was actually made before the notary in said county, and that the mortgagors made their affidavit before a justice of the peace in Morgan county where the mortgage was executed.   The propriety of permitting such proof is the chief question in the case, indeed the only one requiring decision.   As already suggested it is thought no such proof was needed in aid of the affidavit by the attorney of the mortgagee.

Immediately following the jurat, signed by the notary as to the attorney of mortgagee, is the following :

" Subscribed and sworn to by the said Henry Schoenfield and Bessie Schoenfield (mortgagors) before me this —— day of March, 1895."

But the justice of the peace did not attach his signature

to the jurat. He however wrote on the back of the affidavit a certificate showing that the mortgagors appeared and acknowledged the execution of the instrument. This certificate was not required, nor efficient for any purpose, but it does not vitiate, and the question recurs whether parol proof was competent to show that the mortgagors did actually swear to the affidavit.

Kruse v. Wilson, 79 Ill. 233, seems to support, in principle, the contention of appellee that such proof is competent, and this is in accord with the current of authority in other States.

Appellant cites several rulings by our Supreme Court to the effect that parol proof can not be heard to show the existence of matters which should be set forth in the affidavit, a very different thing, and so those citations are not in point. We are inclined to agree with the Circuit Court and its judgment will be affirmed.