CHARLES C. LAMB
.
*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 20, 1905—Rehearing denied Feb. 20, 1906.*

1. NAMES—*there is no variance between names "Davey" and "David."* There is no variance between the name "Davey S. Pate," appearing in the record of a criminal case as having been appointed foreman of the grand jury, and the name "David S. Pate," endorsed on the indictment as foreman of the grand jury.

2. CRIMINAL LAW—*record need not show the "organization of the court."* The record of a criminal case need not show the names and presence of its various officers, it being sufficient if the fact that the court was actually in session, together with its proceedings, is shown from the record by the certificate of the clerk under his official seal.

3. SAME—*absence of clerk should be shown by bill of exceptions.* If the clerk of the court is not present, by himself or deputy, at the trial of a criminal case, the fact of such absence must be affirmatively shown by the bill of exceptions if the accused desires to avail himself of that fact as being ground for reversal.

4. SAME—*failure to ask the accused if he has anything to say against pronouncing sentence is not ground for reversal.* While the proper practice in a criminal case is to ask the accused if he

has anything to say why he should not be sentenced, yet the failure to do so is not ground for reversal.

5. SAME—*when indictment is sufficiently identified.* If the record of a criminal case shows that the indictment under which the accused was tried was identical in number, title and offense with the one returned by the grand jury, the indictment is sufficiently identified.

6. SAME—*when alleged error cannot be considered.* Alleged error, in that the record fails to show that any officer was sworn to take charge of the jury, or that any officer sworn by the court did take charge of the jury, cannot be considered where those facts are not shown by a bill of exceptions, and it does not appear that the accused objected to the irregularity, if any existed.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

. Charles C. Lamb, the plaintiff in error, was indicted at the December term, 1899, of the criminal court of Cook county for the crime of murder. Upon a trial he was, by the verdict of a jury, found guilty of that crime, and his punishment was fixed at confinement in the penitentiary for the term of his natural life. After overruling a motion for a new trial and a motion in arrest of judgment, the court pronounced judgment upon the verdict and sentenced the plaintiff in error to confinement and hard labor in the penitentiary at Joliet for the term of his natural life. The plaintiff in error has sued out this writ of error to review the record of the criminal court. No bill of exceptions was preserved.

MYER S. EMRICH, for plaintiff in error.

WILLIAM H. STEAD, Attorney General, JOHN J. HEALY, State's Attorney, and F. L. BARNETT, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

*First*—The record of the empaneling of the grand jury shows that Davey S. Pate was appointed foreman of that body. The indictment returned in open court is endorsed a

true bill by "David S. Pate, foreman of the grand jury," and the record recites that the indictment so endorsed was by the grand jury presented in open court, and it is urged that neither the foreman nor any member of the grand jury endorsed the indictment, so far as appears from the record.

We do not think there is any variance between the names Davey S. Pate and David S. Pate, as "Davey" is a diminutive or nickname for "David." *Kerr* v. *Swallow,* 33 Ill. 379; *Walter* v. *State,* 105 Ind. 589.

*Second*—The *placita* of the court record for the day upon which the motions for new trial and in arrest of judgment were disposed of, shows that the judge of the court, the sheriff of the county and the State's attorney were present. These facts were attested by William C. Lawson, as clerk, as appears from the record of that day, when in fact Patrick J. Cahill was clerk of the court.

In *Yates* v. *People,* 38 Ill. 527, it was held that it was not necessary that the record should show the "organization of the court," if by that phrase is meant the names and presence of its various officers, and that the only thing that was important was, that it should appear from the transcript that the court was actually in session, and that its proceedings should be shown from its record by the certificate of its clerk under his official seal.

We are of opinion that if Cahill was not present, by himself or deputy, and plaintiff in error desired to avail himself of that fact, such absence should have been made to appear affirmatively by a bill of exceptions.

*Third*—It is urged that "Lamb had no opportunity to be heard why sentence should not be pronounced upon him, according to the requirements of the common law." The record of the court in this regard reads as follows: "And now neither the said defendant nor his counsel for him saying anything further why the judgment of the court should not now be pronounced against him on the verdict of guilty, heretofore rendered to the indictment of this cause."

In *Gillespie* v. *People*, 176 Ill. 238, it was said that similar language implied that opportunity was afforded defendant to speak, and that while the proper practice is to ask a defendant if he has anything to say why he should not be sentenced, the omission so to do is not ground for reversal, citing *Gannon* v. *People*, 127 Ill. 507, and *Harris* v. *People*, 130 id. 457.

*Fourth*—It is then said that there is nothing in the record which shows the indictment returned by the grand jury to be the same indictment upon which the prisoner was tried. The record shows that the grand jury returned an indictment for murder in the case of The People of the State of Illinois *vs*. Charles C. Lamb, No. 57231. It is then shown that the accused was tried in the same cause bearing the same number, upon an indictment for murder. We think the indictment upon which he was tried is thereby identified as the one which the record shows was returned in open court by the grand jury charging him with the crime of murder.

*Fifth*—The remaining assignment of error which is brought to our attention by the brief and argument for Lamb is, that it does not appear from the record that any officer was sworn to take charge of the jury, or that any officer sworn by the court did take charge of the jury when they retired to consider of their verdict, or at other times when they retired from the court room. It is not made to appear that the accused objected to the irregularity, if any occurred at any time when the jury retired, nor is it made to appear by a bill of exceptions that the jury, upon any retirement, was not in charge of a sworn officer. This assignment, therefore, cannot be considered. *Dreyer* v. *People*, 188 Ill 40.

The judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*