Ralph Sagle, and Anna M. Sagle, Plaintiffs-Appellants, v. Loren L. McClellan et al., Defendants-Appellees.

Gen. No. 10,019.

Third District.
February 14, 1956.
Rehearing denied March 15, 1956.
Released for publication March 15, 1956.

G. W. Horsley, and L. H. Lenz, both of Springfield, for plaintiffs-appellants.

Giffin, Winning, Lindner & Newkirk, of Springfield, for defendants-appellees; Alfred F. Newkirk, and Walter W. Siebert, both of Springfield, of counsel.

JUDGE CARROLL delivered the opinion of the court.

Plaintiffs appeal from a judgment of not guilty entered upon a jury verdict in favor of defendants William H. Lott, Louis Matejoski, Harry Weiner and Anna Weiner.

The action was originally brought against the defendant, Loren L. McClellan for personal injuries and property damage sustained by plaintiffs as a result of the alleged negligence of defendant in the operation of his automobile.

The complaint was subsequently amended by the addition of counts thereto in which plaintiffs seek recovery under the Dram Shop Act from defendants William H. Lott and Louis Matejoski as operators of the Valley Tavern and Harry Weiner and Anna Weiner as owners of the premises in which said tavern was operated. The cause proceeded to trial only as to the Dram Shop Action.

The principal contention raised by plaintiffs is that the verdict was against the preponderance of the evidence and the Trial Court, should therefore, have allowed their motion for a new trial. The defendants insist that the plaintiffs failed to prove the allegations of their complaint and that the verdict has ample support in the evidence.

The allegations of the complaint which plaintiffs were required to prove by the greater weight of the evidence in substance are that on October 26, 1951 between the hours of 4:30 P. M. and 6 P. M. the defendants sold or gave intoxicating liquor to Loren L. McClellan which he drank and from which he became intoxicated; that he drove his car without lights on the front thereof east on Old Rochester Road at a rapid and dangerous rate of speed, to-wit 60 miles per hour; that he did not stop at the intersection of said road with Bypass 66 where there was a stop sign requiring him to stop, but proceeded into the intersection and then struck the vehicle in which plaintiff Ralph Sagle, who was in the exercise of due care, was riding; and that as the direct and proximate result of the intoxication of Loren L. McClellan, the plaintiffs sustained injuries and damages.

Consideration will first be given to the evidence bearing upon the question whether the intoxication of McClellan resulted from consumption of intoxicating liquors sold or given to him by the defendants. The defendant Louis Matejoski called by plaintiffs as a witness under Section 60 of the Practice Act [Ill. Rev.

111

Stats. 1953, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060], testified that he was the only person working in the Valley Tavern from 12 o'clock noon until 6 o'clock on the day in question; that during such time McClellan was in the Tavern but once and that was sometime between 3 P. M. and 5 P. M.; that when McClellan came into the Tavern he was, in the language of the witness, "stewed"; that witness did not sell McClellan any intoxicating liquor on October 26, 1951; that McClellan bought two drinks of 7-Up for himself and two gin bucks for a lady who came into the Tavern; that the lady drank the gin bucks and McClellan drank the 7-Up; that McClellan said that "he had enuff and just wanted a bottle of 7-Up"; and that McClellan did not drink any intoxicating liquor in the Tavern during the hours of 12 o'clock noon until about 5 P. M. when he left the place.

Loren L. McClellan, defendant in the personal injury phase of the action, called by plaintiffs, testified that he was in defendants' Tavern twice on the day of the accident; that the first time was a little after dinner, around 1 o'clock at which time he had one highball; that he was in the Tavern at that time a few minutes and then went to a hospital to see a friend; that he returned from the hospital to the Tavern at about 3:30 P. M. where he remained until 5 P. M.; that on the second visit he had about four bottles of beer; that he did not drink any 7-Up and had no drinks in any other tavern.

The foregoing is in substance the evidence offered to prove the allegations of plaintiff's complaint that the intoxication of McClellan was caused by intoxicating liquor sold or given to him by the operators of the Valley Tavern on October 26, 1951 between the hours of 4:30 P. M. and 6 P. M.

██ ██ Since the evidence on the issue as to whether McClellan purchased liquor from the defendants and

112

consumed the same as alleged in the complaint are in conflict, it became a question of fact to be determined by the jury. Their decision in that regard as evidenced by the verdict will not be set aside unless clearly and palpably against the manifest weight of the evidence. Fisher v. Illinois Terminal R. Co., 350 Ill. App. 555; Bartels v. McGarvey, 331 Ill. App. 275.

Plaintiffs argue that there is no conflict in the evidence on the question whether defendants contributed to causing the intoxication of McClellan. Without going into the evidence in detail on this point, it seems abundantly clear therefrom, that the jury had before it the testimony of McClellan that he purchased and consumed drinks in the Tavern which was contraverted by the testimony of Matejoski denying that McClellan consumed any intoxicating drinks in the Tavern on the day in question.

As to the accident which allegedly resulted from the intoxication of McClellan, plaintiffs' proof consisted principally of the testimony of Ralph Sagle, one of the plaintiffs. Although examined adversely by the plaintiffs on the question of his intoxication, McClellan was not questioned concerning the accident which plaintiffs alleged resulted from such intoxication.

Sagle testified as he approached the intersection where the accident happened, he saw no traffic approaching from any direction; that he looked to his right and saw a stop sign, that he did not see McClellan's car before the collision; that he did not know where the car came from; that he was knocked unconscious; and that the next thing he remembered was getting up from the ground on the East side of the road. Police officers who arrived after the collision, testified as to the position of the cars and the location of debris on the pavement but it is not shown whether the cars had been moved prior to the arrival of these officers and their testimony is to some extent in dis-

agreement as to where they found the cars. Several photographs showing the damage to the right side of the Sagle car were introduced in evidence.

■ Upon submission of this evidence to the jury, it was for them to decide whether the allegations of plaintiffs' complaint as to the cause of the accident were thereby sustained. As has been previously observed, it is only where the determination of the jury is palpably erroneous will the same be disturbed by a reviewing court.

■ ■ The plaintiffs correctly contend that the jury and the trial court had no right to disregard unimpeached and uncontradicted testimony. However, such rule avails the plaintiffs nothing in this case where there was conflicting evidence as to the material allegations of the complaint. The plaintiffs were required to prove the essential elements of their cause of action by a preponderance of the evidence.

■ In this case we perceive no basis for holding the verdict to be contrary to the manifest weight of the evidence.

Plaintiffs further contend that the Trial Court erred in permitting the defendants' counsel to make improper and prejudicial arguments to the jury. The incident complained of occurred during the course of the argument of counsel for the defendants when he commented upon the failure of McClellan, a witness for plaintiffs, to testify to the occurrence of the accident in which his car was involved. The argument to the jury made by defendants' counsel does not appear in the record. That which is referred to as such argument appears to be only a discourse between the court and counsel for both sides concerning an objection made by plaintiffs' counsel to the alleged prejudicial argument. The record does show that after the statement of defendants' counsel as to what he had said in his argument the court remarked: "The court will sus-

114

tain an objection right now." We must assume this ruling was upon plaintiffs' objection made previously to the examination of McClellan made by defendants' counsel, since the record shows no other objection before the court at that time. The only other objection made by plaintiffs, insofar as reflected by the record, which in any way concerns the argument of defendants' counsel, appears following and apparently referring to a statement by the court in its discussion with counsel. No ruling appears to have been made upon this objection.

It is plaintiffs' contention that the argument of defendants' counsel was so highly prejudicial to plaintiffs' rights as to require the granting of a new trial. It is further contended that defendants by the argument complained of sought to convey the impression that plaintiffs were attempting to hide something from the jury and that in so doing misstated a ruling of the court.

■ With reference to these contentions, the first question arising and requiring consideration is whether the point urged has been preserved for review. As has been previously pointed out, the record does not include the argument of defendants' counsel to the jury. That which plaintiffs referred to as the argument of counsel is merely the record of a colloquy between counsel and the court which occurred sometime during the argument of Attorney Newkirk on behalf of the defendants. Consequently, the record does not show an objection addressed to the court by plaintiffs as to the impropriety of defendants' argument. This court can only review the action of the Trial Court in its rulings or decisions. Since the record fails to show that plaintiffs objected to the claimed improper argument and fails to show that they obtained a ruling by the Trial Court on such objection, or that they moved to withdraw a juror, there appears to be nothing be-

115

fore this court for review so far as this point is concerned. Wilson v. Hobrock, 344 Ill. App. 147; North Chicago Street R. Co. v. Leonard, 167 Ill. 618; Pike v. City of Chicago, 155 Ill. 656.

Plaintiffs complain of error in the giving of certain instructions to the jury. We have carefully examined the instructions criticized and conclude that the Trial Court in giving the same did not commit reversible error.

For the above reasons it is our opinion that the Circuit Court of Sangamon County did not err in denying plaintiffs' motion for a new trial and the judgment should be and is affirmed.

Affirmed.