WILLIAM SCHILLING

V.

EMIL ROSENHEIM.

*Agency—Extent of Authority—Evidence.*

1.  One who deals with an agent having no general authority is bound to ascertain the extent of his authority.
2.  In the case presented, the court below improperly instructed the jury to disregard certain evidence.

[Opinion filed January 16, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. EDMUND FURTHMANN, for appellant.

Messrs. GRANT NEWELL and ARTHUR B. CAMP, for appellee.

GARY, J.   This is a very small case, but the appellant had a right to appeal, and to the judgment of this court, upon the merits.

The appellee is a tailor and employed a coat maker named Beckman, who owed the appellant.   The appellant testified to an arrangement between himself and Beckman by which appellant furnished the cloth and Beckman was to make for appellant a suit of clothes.   That he had no dealings with appellee; that the cutter of appellee took his measure and tried on the suit when it was partly finished.   The appellee testified that Beckman asked him how much he would charge to make and trim a suit of clothes for appellant if appellant would furnish the cloth; that he, appellee, sent Beckman with samples of the trimmings, from which appellant made a selection, and then appellee sent his cutter to take the measure, and told him to tell appellant that the price would be $18.   He also testified to conversations between himself and appellant.

The cutter testified that he told appellant that appellee said the suit would cost appellant $18. This was all of the testimony material to the point to be decided. The court instructed the jury to disregard the evidence of the conversation between Beckman and appellant when the appellee was not present. It was a question for the jury upon the evidence, whether the suit was made by appellee upon the order of Beckman, or upon any bargain, express or implied, between the parties themselves.

Beckman was no general agent of either of the parties. He had no authority to pledge the credit of the appellant further than the instructions given him by appellant warranted. If the appellee dealt with Beckman as agent of the appellant, the appellee was bound to ascertain the extent of Beckman's authority, or abide the consequence. Story on Agency, Sec. 126 in note. If, therefore, there was no bargain, express or implied, between the parties themselves, and the appellee made the suit upon the order of Beckman, which matter the jury should have been left free to decide upon the evidence, then it was material for the jury to know upon what terms between appellant and Beckman, Beckman was authorized by appellant to give such order, for only by those terms was appellant bound.

Those terms could only be shown by showing what took place between themselves, and the court erred in striking out the testimony relating to them.

*Reversed and remanded.*