## B. Stuve v. J. C. McCord.

1. APPELLATE COURT PRACTICE—*Specific Grounds in Motion for New Trial—Waiver.*—It is a well settled rule of practice, that where a party moves the Circuit Court for a new trial, and assigns specific grounds therefor, he will, in the Appellate Court, be confined to the reasons so assigned, and will be deemed to have waived all others.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Piatt County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

LODGE & HICKS, attorneys for appellant.

S. R. REED & W. G. CLOYD, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $346.50, upon an alleged breach of contract to deliver a quantity of corn, sold by defendant to plaintiff.

The argument of appellant is devoted mainly to a discus-

sion of the evidence, in order to demonstrate that the verdict is without sufficient support.

The proof adduced by the plaintiff sustains the verdict, and is ample for that purpose.

That offered by defendant upon the question as to whether there was a contract as alleged, raises a serious conflict as to this important feature of the case. The rule in this respect, so often stated and applied, need not be repeated here, nor need we quote or analyze the testimony. After reading it and all that counsel say of it, we are very clear that we can not properly reverse the judgment on the ground that it is against the evidence.

There was merely a conflict, which it was the province of the jury to settle.

It is urged in the brief that the court erred in refusing an instruction upon the weight to be given to proof of verbal admissions.

The abstract does not set out any instructions given, refused or modified. To enable this court to determine whether an instruction was properly refused, all those given should be copied in the abstract so that it may be seen whether, in view of the whole series, any harm was done by refusing the one in question, assuming it to be unobjectionable.

The motion for new trial which is set out in full in the abstract makes no point on the refusal of the court to give instructions.

We usually decline to consider the action of the court in regard to instructions where the abstract is faulty as it is here. This because of the failure to comply with the rules of practice in this court.

It is a well settled rule of practice that where a party moves the Circuit Court for a new trial, and assigns specific grounds therefor, he will, in the Appellate Court, be confined to the reasons so assigned, and will be deemed to have waived all others. O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104; Miller v. Ridgley, 19 Bradwell, 308; Clause v. Bullock Printing Co., 20 Ill. App. 116.

We are not impressed with the view that the instruction, if given, would or should have produced a different verdict, and it does not appear, therefore, that the appellant was prejudiced in this matter, even if he were in position to urge the point.

It is argued that if there was a contract of sale the defendant was excused from delivering the corn by reason of the bad condition of the roads and the weather. The alleged contract made no provision for such a defense. It is competent for parties to provide against a contingency of that sort, but when they do not, the law will not relieve them. It is argued also that the jury did not apply the proper measure of damages. There is evidence tending to support the amount allowed, and we are not prepared to say the jury erred in believing that evidence, nor is it argued that they were misled by the instructions as to what was the true measure of damages.

On the whole we are of opinion the judgment should be affirmed.