## City of Joliet v. Kate McCraney.

1. *Notice—Defects in Sidewalks.*—The superintendent of streets in a city was informed that a sidewalk was in an unsafe condition by one of his assistants a short time before the occurrence of an accident resulting in an injury, and in ample time to have repaired it. *It was held,* that the notice to the city was sufficient.

2. *Instructions—Notice of Defects in Sidewalks.*—An instruction which states that, if a city had no actual notice of defects in a sidewalk, and that it was in such a condition as to appear safe and free from defects to those having occasion to pass over it, the city would not be liable, is erroneous and properly refused. It is the duty of a city to use reasonable care in discovering defects in its sidewalks, and to repair them.

3. *Notice—Of Defects in Sidewalks—When Inferred.*—A city, having actual notice of the building of a sidewalk, will be held to know how long it has been built, and of its tendency to decay. Reasonable prudence requires that a wooden sidewalk, which has been built eight or nine years, should be examined occasionally, to see if it is in a safe condition, and if it appears that such an examination would have disclosed defects, a jury may reasonably infer notice, even when no actual notice is shown.

4. *Damages—When Excessive.*—The question of damages is one peculiarly within the province of the jury, after hearing the evidence, and unless it appears that they have been governed by passion or prejudice, the Appellate Court will not interfere with the verdict.

**Memorandum.**—Trespass on the case for injuries resulting from a defective sidewalk. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBBEL, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, JOHN W. D'ARCY, ATTORNEY.

It is well settled law in this State that before a municipal corporation can be held liable for damages resulting from a defective sidewalk, there must be actual notice to the corporation of the defect, or it must have existed a sufficient length of time to have enabled the corporation, by the exercise of reasonable diligence, to make discovery and

remedy the defect.   Dillon on Municipal Corporations, Sec.
790; Chicago v. Murphy, 84 Ill. 224; Chicago v. Stearns,
105 Ill. 554; Dewey v. Detroit, 15 Mich. 307; Joliet v.
Walker, 7 Brad. 267; Chicago v. McCarthy, 75 Ill. 602;
Chicago v. Herz, 87 Ill. 541.

APPELLEE'S BRIEF, J. L. O'DONNELL, AND MEARS & SPRAGUE,
ATTORNEYS.

Express notice was given to the superintendent of streets
by the assistant superintendent of streets, who, in our opin-
ion, might well charge the city by his own knowledge of the
defect.   The proof of this express notice is uncontradicted.
The fact that the material of which the sidewalk was com-
posed, had in the course of time become destroyed by natural
decay, would alone constitute implied notice to the city.
City of Aurora v. Hillman, 90 Ill. 61.

OPINION OF THE COURT, LACEY, J.                          .

On the 13th of July, 1890, between six and seven o'clock,
the appellee, Mr. Edward Comiskey and a daughter of appel-
lee were walking along on the sidewalk, between Wash-
ington and LaFayette streets, on the east side of Des Plaines
street, Joliet, abreast, the two ladies on the inside and
Mr. Comiskey on the outside, and a little girl was walking
about a half step behind them.   Comiskey stepped on a
plank of the sidewalk and the other end of it tipped
up and the appellee being on that end got her foot in the
hole and he lost his balance, let go of the plank, and it came
down on appellee's leg, and she fell over against the fence;
the nails of the plank were rusted away; the sidewalk was
in bad condition; it was not easy to see it by one walking
along, but the stringers were rotten, and the boards in the
sidewalk loose.   This suit was brought in an action of tres-
pass on the case, by appellee, to recover damages for the
injuries received.   The declaration charges the defendant
with wrongfully and negligently suffering its sidewalks,
under its charge and control, to be and remain in bad
and unsafe condition, and divers planks wherewith the said

walk was laid being insecure and unfastened, by means thereof, the plaintiff, who was then and there passing along upon the sidewalk, and while in the exercise of due care and caution, accidentally tripped and stumbled upon and against one of the unfastened and insecure planks of the walk, etc., and was injured, setting the damages at $5,000. Upon a trial the jury found in favor of the plaintiff, and assessed her damages at $2,500. Motion was made by appellant for a new trial, which was overruled by the court, and judgment rendered against the city for the amount of the verdict and costs. From this judgment this appeal is prosecuted. The grounds urged for reversal, are, that the city had no notice of the unsafe condition of the sidewalk; that it had used all reasonable care and caution to keep the same in repair; that the court erred in refusing to give the appellant's eighteenth refused instruction; and that the damages were excessive. The evidence tended very strongly to show that the sidewalk was an old one, made out of pine boards laid transversely across four 4x4 stringers, laid on the ground; that it was eight or nine years old, and that the planks and stringers had become decayed and rotten, so that they would not hold a nail, and that it was in an unsafe condition; and the evidence also tended to show that the superintendent of streets of the city was informed of its condition, by the assistant superintendent, a short time before the accident, but in ample time for the city to have repaired it, and nothing was done in that particular.

The jury were clearly justified from the evidence in finding that the sidewalk was in an unsafe condition and that the city had ample notice of it in time to have repaired it. As to the refused instruction eighteen, we think the court properly refused it. It would have been error to have given it; for it laid down an improper rule of law whereby the city would be excused from discovering its defects and repairing the walk. In substance it instructed the jury that if the city had no actual notice of the defects in the sidewalk, and that it was in such condition that it appeared to be safe and free from defect to those who had occasion frequently to pass over it, then the city would be excused and the jury

would find for the defendant. This does not announce the proper rule. It was the duty of the city to use reasonable care and caution in discovering defects in the sidewalks and to repair them. Such a duty does not devolve on a mere passer by. When the city had actual notice of the building of the sidewalk, it must be held to know how long it had been built, and reasonable prudence would seem to require that when a wooden sidewalk had been built eight or nine years that it would examine it occasionally to see if it were safe. If such an examination had been made, the defect would have been discovered, and the jury might reasonably infer from the evidence, notice to the city, on account of the sidewalk having been in a defective condition such a length of time as that the city should be held to notice, even though no actual knowledge of its condition be shown. The twelfth instruction given on behalf of the appellant laid down the proper rule as regards the notice on the part of the city, actual or constructive, and was all that the appellant had a right to ask. The remaining question is the one as to excess of damages. That was a question peculiarly for the jury after hearing the evidence, and unless it appeared to have been governed by passion or prejudice, this court has no right to interfere. The evidence tended to show that before the accident appellee was a well and hearty woman and the mother of eight children, kept a boarding house, and thereby supported herself and family without assistance. At the trial, she had suffered since the accident great pain and was disabled from work, being a period of about three years. The evidence also showed an injury to the shin bone caused by the fall and that it had developed into a necrosis. The bone decayed and pieces came out of the wound, abscesses formed on the back of the leg inside of the knee cap and discharged offensive matter; the appellee was prematurely disabled with no prospects of recovery. We can not therefore say that the jury was not justified in rendering the verdict that it did. The record is peculiarly clear from error, in fact, we see no legitimate defense the appellant can make to the action, or any error that the court below committed. The judgment is therefore affirmed.