# Fred Meinke v. Joseph Nelson and Lee Nelson.

1. GROWING CROPS—*Personal Property, When Sold Separate and Distinct from the Land.*—While growing crops partake of the quality of realty so far as to pass by a deed of the land as incident to it, yet when sold separate and distinct from the land, they are personal property. When the sale is complete both title and possession vests in the purchaser.

2. TRESPASS—*When the Action De Bonis Asportatis Lies.*—On December 1st, N. leased a farm of M., to take possession March 1st. Upon the farm were forty acres in winter wheat. N. agreed to pay $150 for it in addition to the rent on March 1st. While M. was still in possession, he turned his horses on the wheat and damaged it. In an action for the same it was held that N. could recover under a count *de bonis asportatis*, but not under a count *quare clausum fregit*, as it was stipulated that M. should have possession of the farm until March following.

3. ESTOPPEL—*Of Vendee after Paying for Personal Property—Trespass by Vendor.*—A vendee is not estopped from claiming damages of a vendor in trespass to personal property while in the possession of the vendor, because he pays the purchase price for the same after the damage is done.

4. PRACTICE—*Filing Additional Counts.*—The court has authority, under the practice act, to allow the plaintiff to file additional counts after a verdict has been rendered.

5. DAMAGES—*When Excessive, in Trespass.*—A verdict in damages in an action of trespass *de bonis asportatis*, the amount of which can be sustained upon no other theory than that the plaintiff is entitled to vindictive damages, where the evidence does not justify the awarding of vindictive damages, is excessive.

**Memorandum.**—Trespass to personal property. In the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Declaration *de bonis asportatis;* pleas, general issue and license; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded for excessive damages. Opinion filed December 13, 1894.

RICHOLSON & SEELEY, attorneys for appellant.

APPELLEES' BRIEF, H. C. WILEY AND BREWER & STRAWN, ATTORNEYS.

Appellees contended that there is no technical reason why justice should not prevail under the count *de bonis asporta-*

*tis.* The law is well settled that growing crops are so far personal property that they may be sold and transferred by parol, and upon a sale both title and possession vest in the purchaser without any formal act of possession. Bull v. Griswold, 19 Ill. 631; Ogden v. Lucas, 48 Ill. 494; Ticknor v. McClelland, 84 Ill. 471; Thompson v. Wilhite, 81 Ill. 356; Graff v. Fitch, 58 Ill. 375; Dunn v. Ferguson, 1 Hayes, 542 (Stephen's N. P. 1971); Backenstoss v. Stahler, 33 Pa. St. 251; Davis v. McFarlane, 37 Cal. 634; Marshall v. Ferguson, 23 Cal. 65; Robbins v. Oldham, 1 Duvall (Ky.) 28; Hershey v. Metzgar, 90 Pa. St. 217; Green v. Armstrong, 1 Denio (N. Y.) 550.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellee leased from appellant, by written lease, dated December 1, 1891, a farm of 296 acres for five years from March 1, 1892, at a rental of $1,200 per year. There were forty acres in winter wheat upon the place, and while negotiating for the lease it was agreed that appellees should pay $150 for the wheat in addition to the rental for the land, on the 1st of March, 1892. Appellant remained in possession of the place until that date, when appellees took possession, and in a few days paid the $150 for the wheat.

Within the same inclosure with the wheat were ninety acres of corn. As soon as appellant gathered his corn, which was in December, he turned some fourteen or sixteen horses and colts into the inclosure, where they remained the greater part of the winter, feeding and tramping upon the wheat to such an extent as to destroy about half of it.

He contends that the transaction with reference to the wheat was not a mere sale of growing crops, but was an agreement to take the growing crop according to valuation as an incident to the leasing and in part consideration thereof. In other words, that the growing wheat passed with the land under the lease. On the other hand, it is contended that the purchase of the wheat was no part of the lease, and was made over a month before the lease was. Under that contention it was, of course, proper to hear

parol evidence as to what the contract was relating to the wheat. The effect of such evidence would not be to contradict or vary the terms of the lease, because the wheat was not even mentioned in that instrument.

The question was fairly presented to the jury whether the contract relating to the wheat was separate and distinct from the lease, and the testimony of appellees seems sufficient for that purpose. At all events, the jury so found. If the jury was correct, then it was a contract for the sale of a growing crop, and the wheat was therefore personal property. While growing crops partake of the quality of realty so far as to pass by a deed of the land as incident to it, yet when sold separate and distinct from the land they are personal property. When the sale is complete, both title and possession vest in the purchaser. Bull v. Griswold, 31 Ill. 631; Graff v. Fitch, 58 Ill. 375; Thompson v. Wilhite, 81 Ill. 356; Ticknor v. McClelland, 84 Ill. 471.

That appellant is liable in trespass for turning his stock upon the wheat which he had sold to appellees, we entertain no doubt. Perhaps there could be no recovery under counts *quare clausum fregit*, as it was stipulated that appellant should have possession of the entire farm until March, but certainly there could be under counts *de bonis asportatis*. While the second count of the declaration is rather inartificially drawn, it partakes so far of the nature of a count *de bonis asportatis* as to support a recovery. After the verdict three additional counts were, by leave of the court, filed. They were sufficient to support the verdict.

Appellees did not lose their right to bring suit because the contract price was not paid on the first of March as stipulated. It was paid a few days afterward, and was accepted as a sufficient compliance with the contract.

Nor are they estopped from claiming damages in trespass because they paid the price after the trespass was committed. The wheat was sold on a credit, and when the terms of the contract were agreed upon, and nothing remained to be done except the payment of the contract price, which was to be made at a stipulated time in the future, appellees had the

same right to sue in trespass *de bonis asportatis* that they would, had the money been paid when the trespass was committed.

It is contended that the court improperly permitted the three additional counts to be filed after the verdict. The statute gave him authority for so doing. No error was committed in giving or refusing instructions.

We are of the opinion, however, that the damages awarded are excessive. After the wheat matured, appellees harvested 504 bushels and sold it for $252—fifty cents per bushel. They claim this was of an inferior quality, rendered so by the pasturing. But if the high estimate of the value of the whole before it was pastured, of $400, as made by some of appellees' witnesses, was fair, then it is evident the verdict is nearly double what it should be. And this conclusion is reached after considering the expense of harvesting and marketing the 504 bushels sold. The verdict could be sustained upon no other theory than that appellees were entitled to vindictive damages, and the evidence does not justify the awarding of vindictive damages.

For the reason that the damages are excessive, the judgment is reversed and the cause remanded.