## Christian Theile v. Chicago Brick Company.

1. PRACTICE—*Improper Instructions — Exceptions.*—Improper instructions, though excepted to when given, can not be assigned as error if, in making a motion for a new trial, the mover omitted to assign the giving of such instructions as one of the grounds.

2. SAME—*Clerical Errors and Mistakes.*—Where it is apparent that

a merely clerical error has been committed, the clear intent may be followed and the mistake disregarded.

3. AGENTS—*Not to Exceed Their Authority.*—Authority to buy a quantity of best common brick for his principal does not authorize an agent to buy an inferior quality known as "Kiln run brick."

4. SAME—*Risk of Dealing with.*—A person dealing with an agent takes the risk as to the extent of his authority.

5. RATIFICATION—*Must be upon Full Knowledge.*—Where a person directs his agent to buy a certain kind or quality of brick, and the agent buys a different kind or quality, the principal is not bound to accept them before he has notice of the quality, even though they are delivered upon his premises and a portion of them are used; but he is liable for the value of those used.

**Assumpsit,** for goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 2, 1895.

HAMLINE, SCOTT & LORD, attorneys for appellant.

KAVANAGH & O'DONNELL, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The first question here is whether, on the motion for a new trial, assigning—so far as relates to the instructions—the grounds that the court improperly gave instructions asked for by the defendant, and also refused to give instructions asked for by the defendant, the word defendant in the first ground may be read plaintiff. It is settled that improper instructions, though excepted to when given, can not be assigned as error if a motion in writing for a new trial was made, and omitted to assign as one of the grounds, such instructions. Stuve v. McCord, 52 Ill. App. 331; Hoffmann v. World's Col. Ex., 55 Ill. App. 290.

That the appellant may have the instructions given for the appellee reviewed, it is necessary, therefore, to treat the ground in the motion as reading plaintiff instead of defendant. Where it is apparent that a merely clerical error has been committed, the clear intent may be followed, and the mistake disregarded. In reference to instructions, that rule

was adopted.  Nichols v. Mercer, 44 Ill. 250; McKenzie v. Remington, 79 Ill. 388.

The facts are, that the appellant was about to build a house at a place called Hillside.  He told one Voght to buy the brick for him.  Voght went to the appellee and bargained for kiln-run brick, which includes many soft brick, probably unfit for use.  There is testimony that the appellant told Voght to buy the best common brick.

The brick were taken from the yard of the appellee by railroad, and hauled from the railroad to the premises of the appellant by wagon.  Appellant paid the railroad freight and wagon hire.  When he first discovered the quality of the brick, and complained of it to the appellee, is not very clear.  The last carload was returned without being unloaded.

The second instruction for the appellee is as follows:

" If the jury believe from the evidence that J. C. Voght was an agent or in the employ of defendant Theile for or on account of constructing a building or buildings on premises at Hillside, Illinois, occupied by said Thiele, and while in his employ said Voght contracted with the plaintiff for eighty thousand ' kiln-run ' brick at the price of four and 76-100 dollars per thousand, to be delivered on cars in plaintiff's yard consigned to said Theile at Hillside, Illinois, and if the jury believe further from the evidence that plaintiff did load eighty thousand ' kiln-run ' brick on cars in plaintiff's yard and consigned the same to Theile at Hillside, Illinois, and said brick was thereupon taken away from said yard on said cars, and carried to said Hillside, Illinois, and said Theile placed or caused to be placed seventy thousand of the said brick on his premises, but refused to receive eight thousand of them, and plaintiff thereupon resold said eight thousand brick for the same or at a greater price to another person, and was obliged to and did pay for freight charges and hauling and unloading said eight thousand brick, the amount of twenty-six and 89-100 dollars in order to make said resale, then plaintiff is entitled to a verdict for seventy thousand brick at four and 76-100 dollars a thou-

sand, and also for said twenty-six and 89-100 dollars, and to interest at five per cent per annum on said amounts from the time said price was agreed to be paid, until July 1, 1891, and from that time to the date of this trial at the rate of five per cent per annum."

It is impossible to defend that instruction.

Passing by the abstract objection that it assumes authority by Voght, if he was " in the employ of " appellant, which is removed by the testimony of the appellant that he did authorize Voght to buy, and the wrong direction as to interest, which the jury did not follow, it charges the appellant with the act of Voght in buying kiln-run, when perhaps his authority was only to buy best common.

Appellee took the risk of the extent of Voght's authority. Schilling v. Rosenheim, 30 Ill. App. 81.

If the brick sent were not such as the appellant had given to Voght authority to buy, there is no such evidence that the appellant had waived objection as justified the direction that he must pay for them because he had placed them upon his premises.

That appellant is liable for the value of the brick he used may be conceded, but if he paid freight and hauling on brick which he was not bound to accept, before he had notice of the quality, and gave notice within a reasonable time that he would not accept them, and in fact never did accept them, then such freight and hauling would be a valid counter claim.

If the only authority to buy was of best common, he had a reasonable time to ascertain the quality and give notice of rejection, if the brick were not best common.

Underwood v. Wolf, 131 Ill. 425, is not an analogous case, but cases which are analogous are there collected. It is not so certain that the demand of the appellee is just, that such a material error may be disregarded. Without reference to other questions in the case, the judgment is reversed and the cause remanded.