## City of East Dubuque v. Ruhamah E. Burhyte.

1.   PLEADING—*Clerical Errors to be Pointed Out by Special Demurrer.*—A mere clerical error in a pleading which can mislead no one must be pointed out by special demurrer, or the error will be waived, and the evident intent of the pleading will prevail.

2.   SAME—*Defective Declaration After Verdict.*—A declaration which states a cause of action defectively is good after verdict.

3.   CROSS-EXAMINATION—*Subject-Matter of.*—The cross-examination of a witness must be strictly confined to the subject-matter of his direct examination, especially where the witness is interested in the event of the suit with the party cross-examining him.

4.   NOTICE—*Of Defective Sidewalks.*—The act of sending a man by the city authorities to repair a sidewalk is evidence that the city had notice of its bad condition.

5.   PRACTICE—*Pleadings and Proofs.*—When the declaration alleges that the defendant is a corporation organized under the laws of the State of Illinois, and the pleas do not traverse it, it is not improper, although unnecessary, to prove the allegation.

6.   SAME—*Instructions Upon Theories Must Be Asked for, etc.*—A

party can not ask his opponent to embody his own theories in instructions offered in such opponent's behalf; he must prepare and submit instructions for himself.

7. SAME—*What Papers the Jury May Take.*—The jury may, upon retiring from the bar, take to the jury room all pleadings in the case upon which issue has been joined.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Jo Daviess County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

D. & T. J. SHEEAN and J. M. SHEEAN, attorneys for appellant.

WILLIAM SPENSLEY and DUFFY & MAGUIRE, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Appellee was passing over a sidewalk upon one of the streets of appellant, when a plank in said walk broke beneath her and she fell. She claims she was thereby seriously and permanently injured, and she brought this action against the city to recover damages therefor, and upon trial had verdict and judgment for $2,000, from which the city appeals.

It is urged that as the first count of the declaration charges that " *defendant* was thrown violently to the ground and thereby injured her spine, bruising her limbs, rendering her for the time being insensible," etc., therefore *plaintiff* can not recover under that count. This was obviously a mere clerical mistake and could not have misled any one. It should have been pointed out by special demurrer, and then would have been corrected. Where that which should have been written, as well as the mistake, appears from the context, so that it may be helped out by construction without extrinsic evidence, the true intent will prevail. Hibbard v. McKindley, 28 Ill. 240; Nichols v. Mercer, 44 Ill. 250; McKenzie v. Remington, 79 Ill. 388; Schill v. Reisdorf, 88 Ill. 411; Block v. Blum, 33 Ill. App. 643; Theile v. Chicago Brick Co., 60 Ill. App. 559.

City of East Dubuque v. Burhyte.

The declaration counts upon the original faulty construction of said walk, and also upon the failure to keep it in repair. It nowhere avers the city had notice the walk was out of repair, nor that it had been out of repair so long a time that the city, by the exercise of due care, could have known that fact; but it does aver in the first count that the city "negligently refused to keep said sidewalk in a reasonably safe condition;" in the second count that it "neglected to keep the same in reasonably good repair," and "suffered the same to become in an unsafe and bad condition;" and in the third count that it "wrongfully and negligently * * * suffered the same to be and remain in a bad and unsafe condition." This form of pleading seems to have the sanction of Puterbaugh's Pleading and Practice (7th Ed.), 649, City of Joliet v. McCraney, 49 Ill. App. 381, and City of Nokomis v. Salter, 61 Ill. App. 150, on the theory that the words used imply notice, actual or constructive. We are not satisfied that the settled rules of pleading will permit the necessary averment of notice to the city to be thus omitted or stated argumentatively; but in this case not only did the defendant fail to question the declaration by demurrer, but also both parties by their instructions assumed notice, actual or constructive, must be proved under this declaration; and appellant is bound by the construction it thus placed upon the language quoted from the several counts. Moreover, we think the declaration good after verdict. 1 Chitty's Pl. 673; Cribben v. Callaghan, 156 Ill. 549; Gerke v. Fancher, 158 Ill. 375; Baltimore & O. S. W. Ry. Co. v. Then, 159 Ill. 535. In Western Stone Company v. Whalen, 151 Ill. 472, it is said that though a necessary allegation of knowledge by the defendant be omitted from the declaration, yet it is good after verdict.

The street commissioner was called as a witness for plaintiff, and defendant on cross-examination asked him how often since the walk was built he had inspected it. It is urged the court erred in sustaining an objection to this question. The direct examination of the witness had been confined to the date and manner of the construction of the walk, and

this question did not relate to those subjects. It was specially proper that the rule confining the cross-examination to the subject-matter of the direct, should be strictly applied where the witness was an officer of the party cross-examining. Defendant afterward called said witness in its own behalf and examined him as to his inspection of the walk, and therefore was not injured by the course pursued.

It is said the court erred in permitting plaintiff to put in evidence the charter of the city of Dunleith, the former name of defendant. The only objection was "as not being a proper way of proving a private statute, not under the seal of the secretary of state." The abstract does not set out the certificate referred to. It does state the offered evidence was "passed by the general assembly and approved February 16, 1865, published in book form, certified by the secretary of state at that time." And it describes it as "certificate of secretary of state, printed, and also printed name of Sharon Tyndale, as secretary of state, and printed word 'seal,' under date of February 23, 1865." The abstract certainly does not show the objection was well taken. As the matter objected to is not set out in the abstract, we can not know therefrom that it was not brought within section 10 of our statute upon evidence. The declaration averred defendant was a corporation organized under the laws of the State of Illinois, and it was not improper to prove that allegation though not necessary under the pleadings. The charter was special, and showed what control defendant had over its sidewalks, and the powers and duties of its officers in respect thereto.

The court, over the objection of defendant, allowed the jury to take the declaration with them when they retired to consider of their verdict. We conceive it to be the established practice in this State to permit the jury to take to the jury room all the pleadings in the case upon which issue has been joined. 2 Thompson on Trials, Sec. 2583.

The first instruction given at the request of plaintiff told the jury "that the date of the injury to the plaintiff, as set forth in the declaration, is not material." The first count

stated the date of the injury at May 29th, and the second and third counts at May 30, 1896. The instruction is understood to mean that it was not necessary plaintiff should prove the precise date laid in the declaration in order to recover. The correctness of the instruction as a general proposition is not disputed; but it is urged that under the facts in this case it was calculated to mislead the jury. Plaintiff and Mary Groff, who were together at the time of the accident, each testified it occurred in the forenoon of May 29th. A witness for the defense, who repaired said walk by the direction of the street commissioner, testified he repaired it on May 29th, beginning in the morning at the west end of the walk, and reaching the east end, where this accident occurred, in the latter part of the day. The exercises of Decoration Day in the cemetery, which is at the east end of the sidewalk, took place that year on Sunday, May 31st, instead of May 30th, as usual, and counsel for appellant argue and infer that plaintiff and Mary Groff fixed the date as the 29th, because that would be the day before that on which decoration exercises are usually held; that they really meant the day before said exercises were in fact held, which would make the accident on May 30th; and if so, the city having repaired the walk the day before, would not be liable. Therefore, appellant argues the instruction would be understood by the jury to mean that it was not material whether the accident occurred on May 29th or 30th, while appellant claims that was very material. Even if the testimony was given with the meaning suggested, it would not be error to tell the jury plaintiff was not bound to prove the date laid in the declaration. If the defendant wished the jury advised as to the effect of repairs immediately preceding the accident, if proved, it should have presented an instruction on that subject. This instruction could not have been understood by the jury to mean it was immaterial whether defendant repaired the walk just before the accident. But plaintiff and Miss Groff testified the injury was on Friday, May 29th, and that the Decoration Day exercises were on the Sunday following.

They did not say the injury was the day before those exercises, but the second day before. On the other hand, defendant's witness, who made the repairs, said he testified it was on the 29th, because it was the day before Decoration Day. It may be he meant the day before the decoration exercises, and if so, he repaired it on the 30th. But if he repaired it on the 29th, he repaired the part where the plaintiff fell in the afternoon, and she was hurt in the forenoon. His testimony shows the sidewalk was in bad condition, and that many boards in the immediate vicinity where plaintiff was hurt required to be removed; and the fact he was sent to repair it, shows the city had notice of its defective condition.

The sixth instruction told the jury, a person traveling along a sidewalk of a city and using ordinary care has a right to presume, and act on the presumption, that the walk is reasonably safe for ordinary travel. It is claimed this ignored plaintiff's knowledge of the walk. But there is no evidence she had any knowledge of the dangerous condition of the walk. It is true Mary Groff answered "yes" to cross-questions, which made her say that before they went upon the walk she noticed it was a poor walk; that it was plain to any one walking over it that it was a dangerous walk; that its poor appearance was plain and palpable and might be seen by any one. If plaintiff had not testified on the subject, perhaps the inference might have been drawn that she also noticed the walk was dangerous. But plaintiff testified that she noticed nothing which indicated rotten boards, or that the board was decayed or liable to break until it did break, when she stepped upon it, and then she found it was a spongy board—decayed wood. There being no proof she had knowledge of the dangerous condition of the walk, it was not necessary plaintiff's instructions should be modified in that respect. Defendant could have offered an instruction on the effect of knowledge by the plaintiff if it had desired. It could not ask plaintiff to embody its theories in the instructions offered in her behalf.

The seventh instruction is awkward and involved, and

some parts of it taken alone would be open to the construction that if the sidewalk had been built of old boards seven or eight years before the accident, then it was out of repair and dangerous; but when the entire instruction is read carefully, we think that is not its meaning.   Other instructions given at the request of defendant stated the law clearly and correctly, and we do not think the jury was misled.

We have carefully considered the evidence, and can not say the jury erred in the verdict rendered.   Finding no substantial and reversible error in the record, the judgment of the court below will be affirmed.