## City of Belvidere v. Mary Crichton.

1. PRACTICE—*Additional Counts After the Evidence is Closed.*—After the evidence is closed on both sides the court may permit the plaintiff to file an additional count to the declaration without imposing terms, where such count does not state a new cause of action and where the defendant will not be prejudiced by it.

2. CITIES AND VILLAGES—*Constructive Notice of Defective Walks.*— Where a sidewalk on a public street gets out of repair so that it is unsafe to travel upon and so remains for a considerable time, notice of the defective condition of the walk will be presumed.

3. DAMAGES—*$600 Not Excessive.*—Where the evidence showed that before the injury the plaintiff was a strong, healthy woman, able to do, and doing all of her housework, but by reason of the injury she had been confined to the house most of the time since it occurred, for several months was compelled to keep her knee in a plaster cast, suffered great pain at the time of the trial, could not bend her knee in the natural way, and was only able to walk a short distance at a time, a verdict for $600 is not excessive.

**Action in Case,** for personal injuries. Trial in the Circuit Court of Brown County; the Hon. CHARLES E. FULLER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

ROBERT W. WRIGHT, attorney for appellant, contended that a person, in full possession of his faculties, passing over a sidewalk in daylight, is under obligations to use his eyes to guide his footsteps, and if he fails to do so, he is negligent. In order to recover, the plaintiff must make a reasonable use of his faculties to avoid danger. Village of Kewanee v. Depew, 80 Ill. 119; City of Chicago v. McLean, 133 Ill. 148.

The best evidence of the condition of a sidewalk, is proof of its condition immediately preceding the accident, or it is competent to show its condition a few days before and a few days after. Chicago v. Dalle, 115 Ill. 386.

If testimony of the condition of the walk after the injury, is admitted, it must be confined to a reasonable time after the injury. Bloomington v. Osterle, 139 Ill. 120.

W. C. DeWolf, attorney for appellee.

It is the duty of a city to keep its sidewalks in reasonably safe condition for travel. Flora v. Naney, 136 Ill. 48; City of Chicago v. Dalle, 115 Ill. 388; Brownlee v. Village of Alexis, 39 Ill. App. 135; City of Centralia v. Baker, 36 Ill. App. 46.

A person passing along a sidewalk has a right to presume such sidewalk is in a reasonably safe condition for travel. City of Chicago v. Hickok, 16 Ill. App. 142; City of Chicago v. Babcock, 143 Ill. 358; City of Centralia v. Baker, 36 Ill. App. 46.

A person passing along a sidewalk is not bound to keep his eyes constantly fixed on the walk in search of holes or defects. Owen v. City of Chicago, 10 Ill. App. 465; City of Centralia v. Baker, 36 Ill. App. 48; City of Chicago v. Babcock, 143 Ill. 358.

Notice of the unsafe condition of a sidewalk will be implied if the defects complained of have existed for such a length of time that the municipal authorities, by the exercise of reasonable care and deligence might have known of such defects. Brownlee v. Village of Alexis, 39 Ill. App. 143; Hearn v. City of Chicago, 20 Ill. App. 249; Aurora v. Dale, 90 Ill. 46; Aurora v. Hillman, 90 Ill. 61.

"After the lapse of ' considerable time,' notice to the corporate authorities of the defective condition of a sidewalk will be presumed." City of Aurora v. Hillman, 90 Ill. 64; City of McLeansboro v. Lay, 29 Ill. App. 478, City of Chicago v. Dalle, 115 Ill. 388.

Mr. Justice Higbee delivered the opinion of the court.

Appellee, while walking upon a sidewalk on one of the

streets of appellant with her husband, on the afternoon of October 24, 1897, was tripped, by a loose board in the walk upon which the latter stepped, and thrown to the ground, receiving an injury to her knee. She claimed that she was seriously and permanently injured by the fall and brought suit against the city for damages therefor. Upon trial the jury gave her a verdict for $600, for which amount judgment was entered.

After all the evidence was in on both sides, the court permitted plaintiff to file an additional count to the declaration without imposing any terms, over the objection of appellant, and this action of the court is assigned as error.

In the case of Order of Mutual Aid v. Paine, 122 Ill. 625, the following language is used: "After the verdict was in, and pending a motion for a new trial, the court permitted plaintiff to file two additional counts to the declaration and this is complained of and urged as a ground for reversal. The point is not well taken. It is manifest that defendant was not prejudiced by it. The only possible effect it could have had was to so perfect the declaration as to enable the plaintiff to recover on the claim for which the action was intended to be brought, and this the court clearly had the right to allow to be done by the express provision of Sec. 24 of the Practice Act."

In the case of Meinke v. Nelson et al., 56 Ill. App. 269, the Appellate Court sustained the action of the trial court in permitting three additional counts to the declaration to be filed after verdict. It is urged, however, that the additional count stated a new cause of action. The two original counts of the declaration charged that the accident to appellee, caused and produced " a sub-luxation of the internal semi-lunar cartilage of her left knee," while the additional count charges that by reason of appellee's fall the muscles, tendons and ligaments in and about her left knee and the back part of her left leg became greatly strained and injured, and that by reason of such injury the plaintiff suffered " a dislocation of her left knee and a sub-luxation of the semi-lunar cartilage of the left knee joint and a sub-uxation of the left knee joint."

It is evident that the same general cause of action was stated in the amended count of which notice was given to appellant in the two original counts. Upon the trial appellee's injured knee was, at the request of appellant, submitted to an examination by three physicians named by appellant; these physicians, after making a thorough investigation, testified in the case concerning every phase of the injury. Appellant therefore had the benefit of the testimony of physicians selected by its counsel concerning every feature of the injury and could not have been prejudiced by the description of the injury contained in the additional counts filed after the evidence was in.

In addition to this the jury, in answer to an interrogatory submitted to them, found specially, that the injury from which appellee was suffering, was the one stated in the first two counts of the declaration, so that even had there been a different cause of action stated in the additional count, no injustice would have resulted to defendant. After the additional count had been filed, appellant interposed a demurrer to it which was overruled by the court. The additional count alleged that the defect in the sidewalk had existed for four months, but it nowhere averred that the city had notice that the walk was out of repair, nor that it had been out of repair so long a time that the city, by the exercise of due care, could have known that fact; but it did aver that appellant for four months wrongfully and negligently suffered said walk to be and remain in bad and unsafe condition and repair. This court has said in the case of city of East Dubuque v. Burhyte, 74 Ill. App. 99, where the same question arose " We are not satisfied that the settled rules of pleading will permit the necessary averment of notice to the city to be thus omitted or stated argumentatively." See also same case, 173 Ill. 553. We are therefore of opinion that it would have been better practice had the court below sustained the demurrer. No injury, however, resulted to appellant from the failure to sustain the demurrer to the additional count, as the other counts in the declaration are sufficient to sustain the verdict.

City of Belvidere v. Crichton.

The further objection is urged that the court admitted testimony as to the condition of the walk at too remote a date from the time of the injury, permitting witnesses to testify as to its condition several months prior to said time. The testimony as to the condition of the walk at such prior time, however, was followed by other evidence showing its condition substantially to the time of the accident. But even if otherwise objectionable, the evidence was admissible for the purpose of proving constructive notice to the city.

When a sidewalk on a public street gets out of repair so that it is unsafe to travel upon, and so remains for a considerable time, notice of the defective condition of the walk will be presumed. City of Chicago v. Dalle, 115 Ill. 386; City of Aurora v. Hillman, 90 Ill. 61.

The first three instructions given for appellee fail to state fully with entire correctness, the degree of care required of appellant in regard to the condition and repair of its walks. The correct rule, however, is stated a number of times in the instructions, and we do not think the case was so close upon the facts that the jury could have been misled.

It is further urged that the amount of damages allowed in this case is excessive. The evidence shows, however, that before the injury, appellee was a strong, healthy woman, who was able to and did do all of her housework; that by reason of the injury she had been confined to the house most of the time since it occurred; that for several months she was compelled to keep her knee in a plaster cast; that she suffered great pain, and at the time of the trial could not bend her knee in a natural way, and was only able to walk a short distance at a time. Under such circumstances, the amount allowed for damages was not excessive.

The evidence in this case shows that the walk in question was out of repair at the time of the accident and had so been for some months previous; and that the city had both actual and constructive notice of its condition.

The verdict was a small one, and we are of the opinion that upon the whole case, substantial justice has been done, and the judgment should be affirmed.