## Marquette Third Vein Coal Co. v. Patrick Dielie, by His Next Friend.

1. PRACTICE—*When a Count for Common Law Negligence and One for Violation of a Statute Are Not Improperly Joined.*—When there are two counts in trespass on the case, one for common law negligence, and the other for a willful violation of a statute, both for the same injury, and the same plea may be pleaded, and the same judgment would have been given if the verdict had been on one count only, whether that count had been one or the other, there is no misjoinder of counts or causes of action.

2. SAME—*Defective Count in Declaration After Verdict.*—A count in a declaration which states a cause of action defectively is good after verdict.

3. STATUTES—*Meaning of "Willful" As Used in.*—"Willful," as used in the statute, is not used in the sense of malicious or with evil

intent; but an act consciously or knowingly performed or omitted contrary to the statute, is a willful violation of the statute.

4.  MINES—*Master Liable for Any Injury to Child Employed in Mine Contrary to Law.*—The owner of a mine who employs a child in such mine contrary to section 22 of the Mining act is liable for any injury which occurs in its mine, and by the operation of the mine, to such child.

Trespass on the Case, for personal injuries.   Appeal from the Circuit Court of Bureau County; the Hon. GEORGE W. BROWN, Judge presiding. Heard in this court at the April term, 1903.   Affirmed.   Opinion filed October 23, 1903.

PECK, MILLER & STARR and CAIRO A. TRIMBLE, attorneys for appellant.

DANIEL BELASCO, WOOD & ELMER and O. H. PORTER, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Patrick Dielie, an infant, was employed by the Marquette Third Vein Coal Company as a "trapper." His main duty was to open certain doors in an entry for cars, drawn by mules, to pass through, and to immediately close the doors after the cars had passed, and to keep them closed except when cars were passing through, in order to prevent the escape of air forced into the mine, to keep the air at the faces and prevent the mine filling with gas.   On the trial of the case hereinafter stated there was proof in his behalf which tended to show that when a car was stalled in the vicinity of his door, it was his duty to go to the assistance of the driver; and counter proof which tended to deny he had such duty.   On April 26, 1902, a train of cars was stalled as it approached Patrick's door, and he went to help the driver.   He got behind and blocked the cars when the mules stopped.   When the cars were fairly in motion again it was necessary for him to pass them in order to get to the doors and open them.   To do this he ran along the side of the cars while they were in motion.   At a certain point a timber projected out from the wall and came within a few inches of the side of the car.   Patrick had often passed the place, but claimed he had not noticed this timber.   He was

caught between the car and the timber, and sustained a fracture of the neck of the left femur, resulting in a wasting of the muscles of that leg, a shortening of the leg, restriction of its rotary motion, an absence of the power of locomotion on the left side, and an anaemic condition, etc. Certain ligaments were torn. He suffered pain, and is partially incapacited for labor of certain kinds. He brought this suit against the coal company to recover damages for said injury. The first count of the declaration charged negligence by defendant in placing said timber so near the track. The second count charged willful violation of the statute in employing plaintiff to labor in said mine when under the age of fourteen years, and without having produced to it an affidavit he was fourteen years of age, by reason whereof he was injured. The third count was withdrawn. The fourth count charged plaintiff was under fourteen years of age, and that he was unlawfully and wrongfully employed by defendant to work in its mine, and that by reason of being permitted to work in said mine and because of his youthful indiscretion he was injured. The statute referred to in the second and fourth counts is section 22 of chapter 93 of the Revised Statutes, relating to " Mines and Miners," which is as follows:

" No boy under the age of fourteen years, and no woman or girl of any age shall be permitted to do any manual labor in or about any mine, and before any boy can be permitted to work in any mine he must produce to the mine manager or operator thereof an affidavit from his parent or guardian or next of kin, sworn and subscribed to before a justice ·of the peace or notary public, that he, the said boy, is fourteen years of age."

Section 33 of said act makes any willful neglect, refusal or failure to do the things required to be done by any provision of the act, on the part of the person required to do them, or any violation of any provisions or requirements of the act, a misdemeanor punishable by fine or imprisonment. It also enacts:

" For any injury to person or property, occasioned by any willful violations of this act, or willful failure to comply

Marquette Third Vein Coal Co. v. Dielie.

with any of its provisions, a right of action shall accrue to the party injured, for any direct damage sustained thereby."

There was a plea of not guilty, a jury trial, a verdict awarding plaintiff $4,000, a motion by defendant for a new trial, which was denied, and a judgment for plaintiff on the verdict. This is an appeal by defendant therefrom.

1. It is argued a count for common law negligence and a count for willful violation of a statute can not be joined in the same action. Our attention is not called to anything in the record showing this question was raised in the court below. If it had been, plaintiff could have obviated it by discontinuing as to one count, or the court could have compelled an election by plaintiff under which count he would proceed. The question can not be raised in this court for the first time. But if the point had been properly saved in the trial court, we hold it is not well taken. If an injury sustained by plaintiff is due both to the negligence of defendant and also to defendant's willful violation of a statute which gives a cause of action to recover the damages sustained thereby, we see no good reason why he should be compelled to select one ground of action and abandon the other, nor why he should be driven to two actions to recover for the same injury, one attributing it to common law negligence, and the other to a willful violation of the statute.

The counts here were all in trespass on the case; they were for the same injury, the same plea was pleaded, and the same judgment would have been given if the verdict had been on one count only, whether that count had been the first or the second. There was therefore no misjoinder of counts or causes of action. Hays v. Borders, 1 Gilm. 46.

2. It is clear plaintiff was about thirteen years and three months old when he was injured. He testified he was fourteen years old January 22, 1903. His mother testified to the same fact. She was then asked what paper she had to show when he was born, and defendant's attorney then stated: "We would not dispute her testimony on his age." She then produced the baptismal certificate of " Patrick

Mozeko," which stated said person was born January 22, 1889, and was baptized January 27, 1889. Notwithstanding the above statement by defendant's counsel (omitted from the abstract) the proof as to plaintiff's age is seriously questioned here. No one expressly stated plaintiff's true name is Mozeko, but plaintiff's mother, Mrs. Dielie, when asked when plaintiff was born, answered: "I have it on a paper here; 1889, he was born," and produced the certificate above referred to. She further testified plaintiff's father was killed nine years before in a mine accident, and that he now has a stepfather. No proof was introduced to show plaintiff's age was other than that stated by himself and his mother, and that age must be regarded as established. Plaintiff testified he never presented to defendant an affidavit as to his age. This precisely negatived the language of the statute above quoted, that before any boy can be permitted to work in any mine he must produce to the operator an affidavit that he is fourteen years of age. If any affidavit on this subject was given defendant by any one else, complying with the spirit but not the letter of the statute, defendant could easily have shown that fact, which would have been peculiarly within the knowledge of its officers. The prohibition against employing in a mine a boy under fourteen is positive, and the statute requires a certain course by which the age shall be ascertained. Defendant did not avail of that means of learning plaintiff's age. "Willful" in the statute is not used in the sense of malicious or with evil intent; but an act consciously or knowingly performed or omitted contrary to the statute, is a willful violation of the statute. (Carterville Coal Co. v. Abbott, 181 Ill. 495; Odin Coal Co. v. Denman, 185 Ill. 413; Donk Bros. Coal & Coke Co. v. Peton, 192 Ill. 41.) The question whether defendant's employment of a boy under fourteen was willful was a question of fact for the jury. It is reasonable to suppose defendant knew his age. That it neglected the statutory means of learning his age indicates defendant's officers knew he was under the required age. The jury and the trial judge saw the boy on the witness

Marquette Third Vein Coal Co. v. Dielie.

stand and could see what his appearance indicated as to his age. The jury determined the issue for plaintiff. We do not doubt the proof warranted and required the conclusion that defendant willfully violated the statute, first, in employing in its mine a boy under the age of fourteen years, and second, in employing such boy without the production of the required affidavit as to his age.

3. Was plaintiff injured while absent from his post of duty in disobedience of orders? Without reciting the evidence upon that subject, it is sufficient to say we think the jury were warranted in finding that his immediate superior required him to aid stalled teamsters in the entry leading to his door, and that he was performing that duty when hurt. By two instructions requested by defendant the jury were told that if plaintiff's duty was to open and close the doors, and if he went away from that place without orders from defendant, and of his own free will, and was hurt while attempting to perform duties which he had not been engaged or requested by defendant to perform, then he could not recover. The verdict for plaintiff is therefore a verdict that he was injured while performing the duty required of him. But if plaintiff was injured while absent from the post of duty, or while violating his orders, or if it was carelessness or negligence for him to run between the sides of the moving cars and the mine wall, still, in our judgment those facts would not prevent a recovery under the second count. The statute absolutely forbids the employment of a child of that age in a mine. One reason, no doubt, is that immature children are liable not to understand the significance and importance of the regulations prescribed for the mine and the employes therein; they may thoughtlessly disobey orders, or expose themselves to peril, or do acts which would be careless in an adult. The company which violates this statute ought not to be allowed to screen itself from liability because the child has been injured by reason of those childish traits which give rise to the statute. Statutes like section twenty-two of the mining act, prohibiting the employment of children under certain

age limits, are designed to guard against the dangers from accidents to the children of the state, and also to protect the health and general well being of the children. Such laws are sustainable under the police powers of the state, and should be so construed as to accomplish the object sought to be attained, and to correct the evils sought to be remedied. Holding the employers of children in violation of this statute to a strict liability for any injury that may happen to the child while engaged in such inhibited employment ought to have a wholesome influence tending to check the evils against which this legislation is directed.

4. Did defendant's violation of the statute cause the injury? If defendant had obeyed the law plaintiff would not have been at work in its mine, and would not have been injured. In that sense the violation of the statute caused his injury. We are of opinion defendant should be held liable for any injury which occurs in its mine and by the operation of the mine to an infant whom it has employed there contrary to law. The statute forbids that so young a child should be employed in such a mine. This child was exposed to danger, and was injured, because defendant willfully violated the prohibition of the statute. Defendant exposed this immature child to the dangers from which the statute aimed to protect it. Defendant virtually says, "True, I put this child in a place of danger, contrary to law, yet if it had been careful, had obeyed my orders and rules, and had done none of those childish acts which are to be expected from one so young and against the perils of which the statute was intended to protect it, it might not have been hurt; and therefore I am not responsible."

We think this position unsound. We hold defendant assumed all risks of injury to the boy arising from his employment in the mine. Morris v. Stanfield, 81 Ill. App. 264.

5. We have examined the rulings upon evidence complained of, and find no serious error therein. Before defendant hired the boy he was about the mine some months for his stepfather, and defendant sought to show he was several times ordered out of the mine, during that period. This

was immaterial, as it is undisputed that afterward, and long before this injury, defendant hired him and kept him continuously at work. The other rulings upon the evidence need not be discussed in detail.

6. The court gave an instruction, at plaintiff's request, to the effect that if plaintiff was exercising ordinary care, considering his age and discretion, and was injured in consequence of the negligence of defendant, as charged in the declaration, they should find defendant guilty. It is argued that this was erroneous; that it should have been confined to the first count, and as given, permitted the jury to find defendant guilty under the count for willful violation of the statute upon proof of mere negligence. The instruction should have been limited to the first count. But defendant can hardly complain of this confusion in the instructions of plaintiff, for it asked and obtained an instruction that if the jury found from the evidence defendant was not guilty of any of the negligent acts stated in the declaration, then plaintiff could not recover. Defendant did not confine this instruction to the first count, and if the court was led into any seeming incongruity on that subject, defendant assisted in procuring that result. But we are so clear defendant was liable upon the facts under the second count that we regard the question of liability for mere negligence under the first count as unimportant.

7. Defendant asked and the court refused an instruction to the effect that if plaintiff in open court on the trial, with the advice and consent of his counsel, had refused to allow himself to be examined by the defendant's physician to ascertain the character of his injuries, the jury had a right to consider this fact in weighing the testimony as to the character of such injuries. The instruction was based upon the following occurrence: Plaintiff was recalled just before the close of his case in chief, and was asked three questions to show he did not furnish an affidavit to defendant. On cross-examination defendant then asked him: "Are you willing, if your lawyers consent to it, to be examined by the physician of the defendant company here

as to your injuries?" Plaintiff's counsel objected to this as improper cross-examination, which it manifestly was. The court remarked that the boy ought not to be required to determine this; that the adults representing him should determine it. Defendant's attorney said the lawyers could determine that. Plaintiff's attorney replied that Dr. Rummels examined plaintiff at the time the boy was hurt; that they (meaning apparently the company,) sent Dr. Coveny there afterward to examine the boy; and he thought that was sufficient. The question was not pressed further, no ruling was made or exception taken, no request was made for an examination, and we do not think any proper foundation was laid for the instruction. If defendant had wished an examination a request to the court would have raised the question. But this unanswered question to a mere boy, did not rise to the dignity of a request for an examination and a refusal thereof. Defendant's second refused instruction was covered by one given for plaintiff; the third was embodied in an instruction given at defendant's request; and the fourth contained a threat to give a new trial, because of which threat it was properly refused. It is argued plaintiff did not have proper surgical treatment for his injury, and that the damages are excessive. These were questions for the jury, and the proof would not warrant our disturbing their conclusions. It is said the fourth count would not support a verdict for want of the word "willful." We consider it good after verdict, for the reasons stated and upon the authorities cited in City of East Dubuque v. Burhyte, 74 Ill. App. 99.

Defendant has assigned fifty-two errors upon the record. The sixth, that the court erred in overruling the motion for a new trial, and the eighth, that the court erred in rendering judgment against defendant, cover every question raised by the other fifty assignments. Such unnecessary prolixity in assignments of error does not meet our approval.

The judgment is affirmed.